RECEIPT # 60290
AMOUNT $ 150.00
~~~~~~ ISS. ~~
~~~~~ RULE 4.1~~~~~
~~~~ OR SRV.~~~~
M~~~~ ISSUED ~~~~
~~~ ED OR 121 ~~~~
BY EPTY CLK ~~~~
DATE 11-22-04

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Ellen M. McCurdy      )
        )
   Plaintiff,        )
        )    **CIVIL ACTION**
v.              )
        )
United States of America    )    NO._____
        )
   Defendant.       )

04 - 12400 RWZ

*Referred to MJ R.B.Collings*

## COMPLAINT FOR DAMAGES AND REQUEST THAT THIS COURT SET ASIDE AN INVALID COLLECTION DUE PROCESS DETERMINATION LAWLESSLY ISSUED PURSUANT TO 26 U.S.C. 6330.

### Parties

1.     The Plaintiff, Ellen M. McCurdy, lives in Scituate, Plymouth County,

Massachusetts.  Plaintiff is pro se.

Ellen M. McCurdy
P.O. Box 36
North Scituate, Massachusetts 02060
(781) 545-3654

2.     The Defendant, the United States of America, is represented by the

United States Attorney's Office
District of Massachusetts
John Joseph Moakley
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210
(617) 748-3100

**Jurisdiction**

3.    COMES NOW, Ellen M. McCurdy, Plaintiff in this action and invokes the jurisdiction of this Court pursuant to 26 USC 6330(d)(1)(B) to set aside the determination at issue and award Plaintiff costs and damages as the result of Defendant having compelled Plaintiff to expend needless time, energy and money to bring this unnecessary action.  The determination at issue [Attached as Exhibit A] was issued on November 5, 2004 and was issued by employees of the Defendant, in response to Plaintiff's request for a Collection Due Process Hearing.  That determination was issued in violation of law, as the following will show.

**Facts**

4.    On March 23, 2004, the Fresno, California office of the Internal Revenue Service issued to Plaintiff two unsigned *Final Notices of Intent to Levy (*Letter 1058) for Civil Penalties for tax years 2001 and 2002 [Attached as Exhibits B1 and B2].  The notices informed Plaintiff of her right to a Collection Due Process Hearing pursuant to 26 U.S.C. 6330 and supplied Form 12153 to request same.

5.    On April 12, 2004, Plaintiff requested the Collection Due Process Hearing guaranteed to her under 26 U.S.C. 6330, captioned *Notice and opportunity for hearing before levy*.  The cover letter and Form

2

12153 are attached as Exhibits C1 and C2.

Plaintiff requested:

    A.    an in-person hearing in Andover, Massachusetts;

    B.    the transfer of files and paperwork to Andover, Massachusetts;

    C.    an impartial hearing officer.

Plaintiff notified the IRS of her intent to record the hearing pursuant to 26 U.S.C. 7521 to make a proper record of the proceedings.

6.    The hearing concerned whether or not employees of the Defendant complied with applicable law and legislative regulations, and with all of the administrative procedures that might allow them to collect Plaintiff's property by distraint, pursuant to 26 U.S.C. 6331, in connection with two $500 frivolous penalties, and even though no court order, writ of garnishment or writ of attachment had ever been issued by any court of law with respect to any of Plaintiff's property. [1]

7.    The penalties that the IRS now seeks to extract by distraint are not supported by any testimony, nor are they supported by any documented evidence, as those terms are legally understood.

8.    The hearing in question was established by Congress as a result of disclosures emanating from the Senate Finance Committee's 1997 investigation of the Internal Revenue Service, which revealed widespread, lawless IRS seizures of property, and extensive

---

[1] No person shall *be deprived of life, liberty, or property, without due process of law.* See Article V Bill of Rights.

violations by the IRS of taxpayers' rights.[2] The IRS Restructuring and Reform Act of 1998 yielded, among other things, the right to a Collection Due Process Hearing.

9. As written documentation will show, the Defendant's employees did not conduct the hearing at issue in accordance with either the law 26 U.S.C. 6330 or in accordance with Treasury Regulation 301.6330-1.

10. 26 U.S.C. 6330(a)(1) provides, in pertinent part, that *[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.*

11. 26 U.S.C. 6330(b)(3) requires that the hearing be conducted by an *impartial officer*, unless this requirement is waived by the petitioner. Plaintiff did not waive this requirement.

12. 26 U.S.C. 6330(c)(1) provides that *[t]he appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.* [Emphasis added]

13. 26 U.S.C. 6330(c)(2) provides that *[t]he person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy...*

---

[2] Based on those hearings, Senator William Roth, who was then Chairman of the Committee, wrote a book entitled *The Power to Destroy* (Atlantic Monthly Press, New York City, 1999), which states, on page 73, *[R]ecent internal investigations by the Internal Revenue Service itself admit that far too many of the countless assessments, seizures, levies, and liens that the IRS executes each year are inappropriate and in open violation of law.* The first bullet on the book's dust jacket states that the book reveals "*How the IRS ...plays judge, jury, and executioner, depriving countless taxpayers of basic rights.* Examples of such criminal IRS behavior are strewn liberally throughout the book.

14.    26 U.S.C. 6330(c)(2)(B) provides that *[t]he person may also raise at the hearing challenges to the existence...of the underlying tax liability...if the person did not receive any statutory notice of deficiency for such tax liability...*

15.    26 U.S.C. 6330(c)(3) specifically states, in pertinent part, that *[t]he determination by an appeals officer under this subsection shall take into consideration – (A) the verification <u>presented</u> under paragraph (1).* [Emphasis added]

16.    In accordance with such provisions of 26 U.S.C. 6330, Plaintiff sent in a timely request for a Collection Due Process Hearing as shown in Exhibit C2.

17.    On August 25, 2004, Ms. Lisa Boudreau, Settlement Officer at the Boston, Massachusetts IRS Appeals Office, sent Plaintiff a letter [Attached as Exhibit D] regarding Plaintiff's request to audio record the Collection Due Process Hearing conference.  In her letter, Appeals Officer Ms. Boudreau denied Plaintiff a face-to-face interview and scheduled a telephone conference for September 21, 2004. Appeals Officer Ms. Boudreau alleged in her letter that *all of the positions or issues* [Plaintiff] *raise*[s] *in* [Plaintiff's] *CDP request or other correspondence are...frivolous or groundless...*or were otherwise not worthy of consideration.    Appeals Officer Ms. Boudreau's letter stated that *[f]ace-to-face conferences are available for taxpayers to raise valid collection alternatives or other relevant*

*issues pertaining to the lien or levy* and they *are not allowed if the only items that a taxpayer raises are frivolous or groundless.*  The letter went on to state that if the Plaintiff wanted a face-to-face conference,  she *must be prepared to discuss issues relevant to paying...tax liability,* including *an installment agreement or offer in compromise.*

18.    Although nothing in 26 U.S.C. 6330 forces this kind of restriction on the petitioner for a hearing, Plaintiff was led to believe that if she did not accept a telephone conference, there would be no hearing at all. Appeals Officer Ms. Boudreau did allow for discussion by correspondence, although this seemed an even less viable option to Plaintiff.

19.    On August 31, 2004, Plaintiff replied to the letter denying her a face-to-face Collection Due Process Hearing [Attached as Exhibit E]. Plaintiff requested a reconsideration of the refusal by Appeals Officer Ms. Boudreau to allow a face-to-face interview.  The letter outlined the background information of the penalties at issue, purpose of the Collection Due Process Hearing as understood by Plaintiff, definition of terms as used by Plaintiff, Plaintiff's assumptions, and Plaintiff's request for documents and topics of discussion at the hearing. Plaintiff objected to the telephone restriction and to the brandishing of the term *frivolous* as a means of avoiding legitimate questions of liability and lawful authority.

6

20.    As shown in Plaintiff's letter of August 31, 2004 [Exhibit E], Plaintiff asked that Appeals Officer Ms. Boudreau send the following documents to her prior to the Collection Due Process Hearing so that they could be discussed at that time.  The basis for the requests is found in 26 U.S.C. 6330(c), and the documents were:

A.    The written approval of the penalty assessment, signed by the supervisor of the individual making such determination, pursuant to 26 U.S.C. 6751(b)(1), captioned *Procedural requirements Approval of assessment*;

B.    The delegation of authority from the Secretary authorizing said person(s) to impose a so-called frivolous penalty.[3]  The word Secretary means the Secretary of the Treasury or his delegate who has been given authority by one or more delegations of authority.[4]

C.    The legislative regulation(s) that authorize the IRS to impose such a penalty and that require the Plaintiff to pay it;[5] 26 U.S.C. 6001, cited in the *Disclosure, Privacy Act, and Paperwork Reduction Act Notice* of the 1040 instruction

---

[3] In asking for this document, the Plaintiff was guided by the Supreme Court warning in *Federal Crop Insurance v. A.A. Merrill, 332 US 380*, that *[a]nyone entering into an arrangement with the government takes the risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority.* The Defendant was duty bound to produce the Delegation Orders requested, but did not do so.
[4] See 26 U.S.C. 7701(11)(b) and (12).
[5] In asking for this document, the Plaintiff was guided the Supreme Court decision *United States v. Mersky, 361 US 431*, which held that *that neither the statute nor the regulations are complete without the other, and only together do they have any force. In effect, therefore, the construction of one necessarily involves the construction of the other. .... When the statute and regulations are so inextricably intertwined, the dismissal must be held to involve the construction of the statute.*

booklet, states in pertinent part that *[e]very person liable for any tax imposed by this title … shall… comply with such rules and regulations as the Secretary may from time to time prescribe*;

D.    The verification from the Secretary [or his delegate] that the requirements of any applicable law or administrative procedure have been met, pursuant to 26 U.S.C. 6330(c)(1), 6330(c)(3)(A);[6]

E.    The delegation of authority from the Secretary authorizing the person who sent Plaintiff the *Final Notice of Intent to Levy* [Exhibits B1 and B2] to do so; this request was made in accordance of the language of 26 U.S.C. 6330 that *[n]o levy may be made on any property or right to property of any person <u>unless the Secretary has notified such person in writing of their right to a hearing under this section</u> before such levy is made*; [Emphasis added]

F.    The identification of the individual who sent Plaintiff the *Final Notice of Intent to Levy* [Exhibits B1 and B2] and a copy of his/her Pocket Commission to identify the enforcement authority of the agent; [See footnote 3]

G.    The form or letter known as the statutory *Notice and Demand for Payment* as required by 26 U.S.C. 6331(a) *[i]f*

---

[6] Verification is defined as *confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition* in Black's Law Dictionary, 6th edition.

*any person liable to pay any tax neglects or refuses to pay the same within 10 days <u>after notice and demand</u>, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property... belonging to such person or on which there is a lien provided in this chapter for the payment of such tax;* [Emphasis added]

H.    The Treasury regulation or decision that identifies the statutory *Notice and Demand for Payment* form or letter.

Plaintiff further advised Appeals Officer Ms. Boudreau of the following topics for discussion at the hearing.  The basis for the issues to be covered is found in 26 U.S.C. 6330(c).

I.    Plaintiff would challenge the existence of the underlying liability of the tax at issue.  Plaintiff requested that Appeals Officer Ms. Boudreau identify the specific code section that made her liable for the underlying tax that generated the alleged frivolous penalty;

J.    Plaintiff would challenge the appropriateness of the collection action since it is in violation of the Federal Debt Collection Procedures outlined in Title 28 of the United States Code;

K.    Plaintiff would challenge the use of 26 U.S.C. 6331 as a lawful means of seizure of Plaintiff's property because the implementing legislative regulations of the code section are

found in 27 CFR, not 26 CFR.

L.      Plaintiff would pay the penalties if Appeals Officer Ms. Boudreau would provide the documents, code sections, and regulations requested in her letter, and there would be no need for collection action.

Plaintiff outlined assumptions for the proceedings as she understood them:

M.      That Tax Court decisions are not law and are not binding on either of the parties;

N.      That Appeals Officer Ms. Boudreau has extensive knowledge of tax code and regulations;

O.      That Appeals Officer Ms. Boudreau was impartial in this matter;

P.      That Appeals Officer Ms. Boudreau would *hew to the law and the recognized standards of legal construction*, per 26 CFR 601.106 Rule 1;

Q.      That Appeals Officer Ms. Boudreau would *apply the tax law with integrity and fairness,* per the Internal Revenue Mission Statement;

R.      That legislative regulations are indispensable when discussing Internal Revenue Code sections, per 26 U.S.C. 6001 and 6011; [See footnote 5]

S.      That *[t]he Federal tax system is basically one of self-*

10

*assessment*, per 26 CFR 601.103(a) *Collection procedure*.

21.    On September 15, 2004, Ms. Lisa Boudreau replied to Plaintiff's request for reconsideration in a letter [Attached as Exhibit F], denying Plaintiff's request for a face-to-face interview to be recorded, on grounds that no liability or collection alternatives were raised. With the letter, Appeals Officer Ms. Boudreau enclosed the following items:

    A.    a copy of 26 U.S.C. 6702 as support of the penalty assessment;

    B.    a copy of a section of "The Truth About Frivolous Tax Arguments" from the IRS web site [Attached as Exhibit G];

    C.    Forms 4340 Certificates of Assessments and Penalties, for tax years 2001 and 2002 [Attached as Exhibits H1 and H2].

The Collection Due Process Hearing via telephone remained scheduled for September 21, 2004.

22.    On September 21, 2004, under the guise of a Collection Due Process Hearing, a telephone conference was held between Ms. Lisa Boudreau, Settlement Officer at the Boston, Massachusetts IRS Appeals Office, and Plaintiff.

23.    At the September 21, 2004 telephone conference, Appeals Officer Ms. Boudreau sought to define the scope of the hearing, limiting it to issues regarding the underlying liability of the penalty and to collection alternatives.  Upon Plaintiff's request, Appeals Officer Ms. Boudreau

allowed Plaintiff to speak freely about all issues; however, it is apparent from the determination that Appeals Officer Ms. Boudreau did not consider them.

24. At the September 21, 2004 telephone conference, Plaintiff asked if Appeals Officer Ms. Boudreau was impartial in this matter, and Ms. Boudreau responded in the affirmative. However, it is apparent from the determination that Appeals Officer Ms. Boudreau was neither impartial nor free of bias in this case.

25. At the September 21, 2004 telephone conference, Plaintiff sought to establish that the proceedings be guided by the law and legislative regulations, not by Tax Court decisions. Plaintiff stated that the Tax Court is an Executive office, not a Judicial one, and as such is not a court of law.

26. At the September 21, 2004 telephone conference, Plaintiff sought to identify the individual who sent to her the *Final Notice of Intent to Levy* (Letter 1058) [Exhibits B1 and B2], since these notices were not signed. Appeals Officer Ms. Boudreau said that they were generated as part of automated collections and that the letters met the requirements of the law. Plaintiff refuted this claim to no avail.

27. At the September 21, 2004 telephone conference, Plaintiff requested the verification from the Secretary that the requirements of any applicable law or administrative procedure have been met. Appeals Officer Ms. Boudreau referred to the Form 4340 Transcripts that she

12

had sent to the Plaintiff in the correspondence of September 15, 2004
[Exhibits H1 and H2]. Appeals Officer Ms. Boudreau stated that the
Tax Court had ruled that this fulfilled the requirements of 26 U.S.C.
6330(c)(1). Plaintiff refuted this claim on several grounds. First, the
documents made no such statement as required by this code section.
Second, the document was not a verification of anything other than
that is was a true and complete transcript of items from the IRS
computer. Third, even Treasury Regulation 26 CFR 301.6330-1 calls
for verification to take place, albeit from the IRS office collecting the
tax and not from the Secretary. Fourth, Plaintiff stated that rulings of
the Tax Court are not binding on either party, since the Tax Court is
not a court of law, but rather a court of record[7] and a department of
the Internal Revenue Service, citing the Supreme Court case of
*Freytag v. Commissioner of Internal Revenue 501 US 868 (1991)*.
Plaintiff sought to confine the guidelines of the hearing to the law and
legislative regulations per 26 CFR 601.106 Rule 1, but to no avail.
Plaintiff's claim that the Form 4340 transcripts did not fulfill the
requirements of the law prompted Appeals Officer Ms. Boudreau to
comment that we would *just have to disagree* on that point.

28.    At the September 21, 2004 telephone conference, Appeals Officer
Ms. Boudreau suggested that Plaintiff was making frivolous tax
arguments, according to the IRS position outlined in Exhibit G.

---

[7] On the Internet web site of the United States Tax Court, the court acknowledges that it is a *Federal court of record.* See http://www.ustaxcourt.gov/about.htm.

Plaintiff corrected Appeals Officer Ms. Boudreau that Plaintiff was not making any arguments at all, but rather requesting documents called for by the law.

29. At the September 21, 2004 telephone conference, Appeals Officer Ms. Boudreau and Plaintiff discussed the Form 4340 Transcripts [Exhibits H1 and H2]. On each, there is a line item dated 11-24-2003 entitled *Statutory Notice of Balance Due*. Plaintiff had never received these documents and sought to determine the form or letter number. Appeals Officer Ms. Boudreau could not identify the form or letter number. To date, this form has not been identified by Appeals Officer Ms. Boudreau.

30. At the September 21, 2004 telephone conference, in response to Plaintiff's inquiry, Appeals Officer identified the above named *Statutory Notice of Balance Due* dated 11-24-2003 as the statutory *Notice and Demand for Payment* cited in 26 U.S.C. 6331, *[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax... by levy upon all property and rights to property...belonging to such person or on which there is a lien provided in this chapter for the payment of such tax*. Plaintiff sought to obtain a legislative regulation that identified the *Statutory Notice of Balance Due* form or letter as the *Notice and Demand for Payment*, and Appeals Officer Ms. Boudreau said she doubted that there was

one.  Plaintiff explained that Treasury Decision 1995 identified Form 17 as the statutory *Notice and Demand for Payment*, but Appeals Officer Ms. Boudreau was unaware of that.  Plaintiff argued that without a proper identification of the statutory *Notice and Demand for Payment* in a Treasury decision or legislative regulation, it is impossible to know if any given correspondence from the Internal Revenue Service is that document.

31.  At the September 21, 2004 telephone conference, Plaintiff requested the supporting documents showing who imposed the alleged frivolous penalties and his authority for doing so, pursuant to 26 U.S.C. 6751(b)(1) where it states *[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate,*  It is Plaintiff's claim that no seizure could be recommended unless it be determined that the penalty was properly authorized.  Appeals Officer Ms. Boudreau said that she would research this, but to date, nothing has been provided.

32.  At the September 21, 2004 telephone conference,  Plaintiff asked Appeals Officer Ms. Boudreau to identify the legislative Treasury regulation that implements 26 U.S.C. 6702 [the cited authority for the alleged frivolous penalties] and requires Plaintiff to pay them. Appeals Officer Ms. Boudreau said that this issue is raised often, but

15

it was the position of the Service that a regulation was not needed and Plaintiff was required to pay. Plaintiff objected to no avail that a code section requires an implementing regulation to be legally binding. [See footnote 5]

33.  At the September 21, 2004 telephone conference, Plaintiff challenged the underlying liability of the tax at issue, claiming that there could be no penalty if there was no underlying tax liability. Appeals Officer Ms. Boudreau acknowledged that she had the Internal Revenue Code with her, as did Plaintiff. Plaintiff pointed out that there is nothing in the Liability, Payment, or Penalties headings in the Table of Contents that pointed to Income Taxes. Plaintiff asked Appeals Officer Ms. Boudreau to identify the code sections that made her liable for the underlying tax. Appeals Officer Ms. Boudreau replied that the penalties at issue were not related to any income tax liability, but for filing what the Internal Revenue Service regarded as a frivolous return. Plaintiff pointed out that while the merits of her tax returns were not the issue here, they were grounded in the law and in Supreme Court decisions and could not be deemed frivolous by any meaning of the term. After Plaintiff pursued an answer to the question of liability, Appeals Officer Ms. Boudreau said she would mail something to Plaintiff on the subject, but then suggested code section 1. Plaintiff refuted that suggestion stating that there is nothing in 26 U.S.C. 1 that makes anyone liable for tax or that requires anyone to

pay it. In addition, that code section is not mentioned in the *Disclosure, Privacy Act, and Paperwork Reduction Act Notice* of the 1040 instruction booklet. [Noteworthy is the language in that notice that states: *Our legal right to ask for information is Internal Revenue Code sections 6001, 6011, and 6012(a), and their regulations.*]

34.    At the September 21, 2004 telephone conference, Plaintiff offered to pay the alleged frivolous penalties if Appeals Officer Ms. Boudreau would provide the requested documents as required by law and identify the statute that made Plaintiff liable for the underlying taxes and that required Plaintiff to pay them. To date, nothing has been provided.

35.    At the September 21, 2004 telephone conference, Plaintiff challenged the appropriateness of the collection actions. Plaintiff cited for the record that seizure of property via a *notice of levy* under 26 U.S.C. 6331 is in direct violation of the Federal Debt Collection Procedures outlined in Title 28. Specifically, Plaintiff referred to 28 U.S.C. 3001(a), 3002(3), 3102(a)(1), (c), and (d), and 3104(a) and (b). Appeals Officer Ms. Boudreau told Plaintiff *not to bother* citing the code sections. Plaintiff maintained, that collection by the Federal government of taxes and penalties falls under these code sections, and that a court order is required, plus a writ of garnishment or writ of attachment that must be served by a United States marshal.

36.    At the September 21, 2004 telephone conference, Plaintiff challenged

17

the appropriateness of levy and distraint under 26 U.S.C. 6331 since its legislative implementing regulations fall under 27 CFR not 26 CFR. Plaintiff contends that this code section relates to Alcohol, Tobacco, and Firearms Taxes, not Income Taxes.   Appeals Officer Ms. Boudreau offered no explanation.

37.   At the September 21, 2004 telephone conference, Plaintiff stressed that she had made no *arguments* in the hearing, but rather had requested documents, statutes and legislative regulations as provided for by law.  Plaintiff supported all issues by statutes, regulations, and Supreme Court decisions.   Plaintiff stressed that nothing she had raised could be deemed frivolous.   Plaintiff claimed that before Appeals Officer Ms. Boudreau could issue a determination, the requisite documents and the statutory *Notice and Demand for Payment* must be supplied.

38.   At the end of the September 21, 2004 telephone conference, Appeals Officer Ms. Boudreau agreed to allow Plaintiff to submit a final letter of any items or issues to be considered as part of the determination.

39.   On September 27, 2004, Plaintiff sent Ms. Lisa Boudreau a follow-up letter to the telephone conference of September 21, 2004 as previously agreed upon [Attached as Exhibit I].  Plaintiff's letter was a recap and summary of the previous correspondence, the telephone conference, and closing thoughts.  Items already listed above do not bear repeating here.

18

**40.**    In the follow-up letter of September 27, 2004 [Exhibit I], Plaintiff made a closing argument for consideration by Appeals Officer Ms. Boudreau. In the case of *Fuller v. United States 615 F.Supp. 1054 (D.C. Cal. 1985),* the ruling stated in pertinent part that *[c]ourt cannot rewrite a statute to conform to what it thinks Congress intended to say or what Congress "should" have said* and that *[i]n absence of ambiguity, words employed by legislature are conclusive of legislature's intent.*

**41.**    With the follow-up letter of September 27, 2004 [Exhibit I], Plaintiff enclosed an Affidavit [Attached as Exhibit J] stating that Plaintiff had received neither a statutory *Notice and Demand for Payment* as required by 26 U.S.C. 6331 nor the *Statutory Notice of Balance Due* shown on Forms 4340 dated 11-24-2003.

**42.**    On November 5, 2004, Ms. Linda Rolf, Appeals Team Manager, sent Plaintiff a *Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330* [Exhibit A]. This letter stated that *Issuance of the Final Notice and the proposed levy action are fully sustained* and it notified Plaintiff of the 30 day time frame in which to file a complaint with the United States District Court for a re-determination.

**43.**    In the determination letter dated November 5, 2004 [Exhibit A], under the section *Brief Background*, the Appeals Officer reveals her bias and lack of impartiality in a remark about tax returns for years other

19

than those at issue.  Further, the merits of tax returns are not the subject of the Collection Due Process Hearing.

44.    In the determination letter dated November 5, 2004 [Exhibit A], under the section *Brief Background*, the Appeals Officer  states that in Plaintiff's attachments to the 2001 and 2002 tax returns, Plaintiff made arguments that the courts have ruled as frivolous and that are outlined as such on the Internal Revenue Service web site.  Such inflammatory language again reveals the prejudgment of the Appeals Officer and attempts to discredit the Plaintiff and is irrelevant to boot. The merits of the Plaintiff's tax returns are not the subject of this issue.

45.    In the determination letter dated November 5, 2004 [Exhibit A], under the section *Verification of Applicable Law and Administrative Procedures*, the Appeals Officer states that a *review of the administrative file indicates that the statutory and administrative requirements that needed to be met with respect to the proposed levy have been satisfied.*  Once again, no verification from the Secretary or his delegate has been provided, as required by 26 U.S.C. 6330.  Nor was the verification called for by Treasury regulation 26 CFR 301.6330-1 provided.

46.    In the determination letter dated November 5, 2004 [Exhibit A], under the section *Verification of Applicable Law and Administrative Procedures*, the Appeals Officer states that *[r]eview of the transcripts*

*has confirmed that the tax* [what tax?] *was assessed and notice and demand was mailed...and there is still a balance due.* Once again, there is no identification of the notice and demand form or letter number, and Plaintiff contends that no statutory *Notice and Demand for Payment* has been made.

47.   In the determination letter dated November 5, 2004 [Exhibit A], under the section *Verification of Applicable Law and Administrative Procedures*, the Appeals Officer states that Internal Revenue Code Section 6331 *empowers the Service to use levy action to collect taxes on all property...belonging to the taxpayer...*

This is incorrect and fraudulent on several grounds:

A.    The legislative implementing regulations for 26 U.S.C. 6331 are in 27 CFR Part 70, thus connecting it with Alcohol, Tobacco, and Firearms taxes, not Income taxes;

B.    Paragraph (a) of the code section identifies the authority of the Secretary [note that the IRS is not mentioned] and it states clearly that *[l]evy may be made upon the <u>accrued salary or wages of any officer, employee, or elected official, of the United States</u>, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official;* [Emphasis added]

21

C.      In the case of *Sims v. US, W. Va. 1959, 79 S. Ct. 641, 359 US 108, and 3 L. Ed. 2d 667*, the court held with respect to 26 U.S.C. 6331 that *[t]his section was enacted to subject salaries of federal employees to same collection procedures as are available against all other taxpayers, including employees of a state.*

48.     In the determination letter dated November 5, 2004 [Exhibit A], under the section *Relevant Issues Presented by the Taxpayer*, the Appeals Officer admits that Plaintiff was denied a face to face interview because *the only issues raised were issues that appeals does not consider such as issues that are frivolous, groundless, constitutional, etc.* At this point, Plaintiff had only requested the Collection Due Process Hearing upon receipt of a *Final Notice of Intent to Levy*. Plaintiff had cited 26 U.S.C. 6330 as the basis for the request and had not as yet requested any documents, and had certainly not yet raised any *issues*. Once again the bias and prejudgment of the Appeals Officer is evident.

49.     In the determination letter dated November 5, 2004 [Exhibit A], under the section *Relevant Issues Presented by the Taxpayer, Challenges to the Existence or Amount of the Liability*, the Appeals Officer attempts to use the existence of 26 U.S.C. 6702 as the sole basis for the assessment of a frivolous penalty despite the fact that this code section has no implementing regulation and is therefore benign. [See

22

footnote 5]

50. In the determination letter dated November 5, 2004 [Exhibit A], under the section *Relevant Issues Presented by the Taxpayer*, *Challenges to the Existence or Amount of the Liability*, the Appeals Officer continued to attack Plaintiff's tax returns as frivolous and referred to the Internal Revenue Service web site publication on the subject. Such a publication is not law of course, and Plaintiff rejects the contention that the tax returns in question were frivolous by any standard, although they are not the subject of this matter. Be it noted that Appeals Officer failed to provide the supporting documents showing who imposed the alleged frivolous penalties and his authority for doing so, as required by 26 U.S.C. 6751.

51. In the determination letter dated November 5, 2004 [Exhibit A], under the section *Relevant Issues Presented by the Taxpayer*, *Other Issues Raised by the Taxpayer*, the Appeals Officer refers to Plaintiff's claim that she did not receive the *Statutory Notice of Balance Due* but contends since it is shown on the Form 4340 that it was properly issued. Be it noted that Appeals Officer did not identify the form or letter number of the document that is held to be so important for purposes of collection under 26 U.S.C. 6331, nor did Appeals Officer identify any legislative regulation for that form or letter to support its authority.

52. In the determination letter dated November 5, 2004 [Exhibit A], under

23

the section *Relevant Issues Presented by the Taxpayer, Other Issues Raised by the Taxpayer*, the Appeals Officer stated that *the courts have determined that Form 4340 satisfies the requirement under Internal Revenue Code* Section *6330(c)(1) to verify "that the requirements of any applicable law or administrative procedure have been met."* Further the letter states that Plaintiff can *request additional documents under Freedom of Information Act Provisions and has done so.* The Appeals Officer is referring to Tax Court decisions, which are not law and which are not binding on Plaintiff, as previously noted. Retrieval of documents under FOIA has nothing to do with the requirements of 26 U.S.C. 6330 for production of documents by the Appeals Officer at a Collection Due Process Hearing, and Plaintiff contends that this kind of language seeks only to discredit legitimate requests for documents.

53.    In the determination letter dated November 5, 2004 [Exhibit A], under the section *Relevant Issues Presented by the Taxpayer, Other Issues Raised by the Taxpayer*, and in the final section III, the Appeals Officer reveals bias and prejudgment by stating that Plaintiff raised *no other non-frivolous issues* during the conference, and that Plaintiff *did not outline any challenge to the liability that was supported by non-frivolous arguments.* Appeals Officer ignored the many points of law and legislative regulation that were discussed in the conference.

## Legal Claims

54.    **In summary**, three questions loom large before us.

    A.    Were the penalties lawfully imposed and is Plaintiff required to pay them?

    B.    Was a valid Collection Due Process Hearing conducted?

    C.    Can the penalties be lawfully collected by distraint?

Plaintiff contends that these questions are answered in the negative as explained in the following paragraphs.

55.    Plaintiff contends that the penalties at issue were not lawfully imposed, nor is she required to pay them.

    A.    26 U.S.C. 6702, captioned *Frivolous income tax return*, is used by the Internal Revenue Service to assess so-called frivolous[8] civil penalties.    However, 26 U.S.C. 6703, captioned *Rules applicable to penalties under sections 6700, 6701, and 6702*, squarely places the *burden of proof* on the Secretary for determining *whether or not any person is liable for a penalty*.  No such proof has been offered to Plaintiff.  On the contrary, the term frivolous is brandished as a means of avoiding legitimate questions of liability and lawful authority.

---

[8] Frivolous is defined as *of little weight or importance* and *[a] claim... is frivolous if a proponent can present no rational argument based upon the evidence or law in support of that claim.*  Black's Law Dictionary, 6th edition.

B.   26 U.S.C. 6751, captioned *Procedural requirements*, states that *[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.* No such proof has been offered to Plaintiff showing any document with the required number of signatures by the proper supervisors approving such penalties.

C.   Defendant has not identified the person(s) who imposed the penalties and has not documented his/their authority to do so. Recent history shows that the Internal Revenue Service has conducted collection actions in violation of law, and Plaintiff has every right to ascertain the proper authority of those who purport to act for the government. [See footnotes 2 and 3]

D.   26 U.S.C. 6702 has no implementing legislative regulation, and as such is without the force and effect of law. The simple existence of this code section is not sufficient to require payment of the penalty. The Parallel Table of Authorities and Rules for 26 U.S.C. is attached as Exhibit K. For legal reference, Plaintiff cites *United States v. Mersky 361 US 431*, where the Supreme Court held that *only*

*together* do statutes and regulations *have any force*. [See footnote 5]

E.   Plaintiff has not received a statutory *Notice and Demand for Payment* of said penalties.  Defendant has not identified the form or letter number of this important document, the keystone of 26 U.S.C. 6331, nor has defendant produced a copy of same.  Defendant has not provided any Treasury decision or regulation that identifies the form or letter number of the *Statutory Notice and Demand for Payment*. Without such documentation, it is impossible to discern what correspondence from the Internal Revenue Service constitutes a statutory *Notice and Demand for Payment*.  In the absence of such documentation, Plaintiff has relied on Treasury Decision 1995 that identifies a Form 17 as the statutory *Notice and Demand for Payment*.

**56.**   Plaintiff contends that no valid Collection Due Process Hearing was conducted.

A.   An opportunity for a fair hearing[9] is guaranteed under 26 U.S.C. 6330, passed as part of the IRS Restructuring and Reform Act of 1998, said Act being the response of Congress to a lengthy  investigation of the IRS and its

---

[9] *Contemplated in a fair hearing is the right to present evidence, to cross examine, and to have findings supported by evidence.*  Black's Law Dictionary, 6th edition.

collection methods in 1997.

B.   The Appeals Officer Ms. Boudreau erred in not permitting a recording of the Collection Due Process Hearing, the outcome of which is immediately eligible for appeal under 26 U.S.C. 6330(d)(1)(B). In preventing a proper recording, Appeals Officer Ms. Boudreau damaged Plaintiff's right to judicial review.

C.   In the case of *Mesa Oil, Inc. v. United States 86 A.F.T.R. 2d (RIA) 7312 (D. Colo. 2000)*, Judge Lewis T. Babcock, Chief Judge, spoke to the requirements of impartiality and the necessity for a proper record of the Collection Due Process Hearing. *The scant record made it difficult, if not impossible, for the court to draw conclusions about statutory compliance and whether the AO abused her discretion... taxpayers are entitled to protections in dealing with the I.R.S. that are similar to those they would have in dealing with any other creditor... Congress has indicated its intent that the taxpayer have a "meaningful hearing"... Congress presumed that this review would be aided by a record of some sort... Here, no record of the hearing was kept, no record of the evidence or arguments presented at that hearing was made, and no analysis of the evidence or arguments was presented in the Determination...informality*

*does not completely obviate the need for a record of some*

*sort... the lack of a record erodes Mesa's statutory right to*

*judicial review.*

D.    Appeals Officer Ms. Boudreau failed to produce the documents called for by 26 U.S.C. 6330 and the documents requested by Plaintiff to support the IRS's allegation that she was required to pay the penalties at issue: the written approval of the penalty assessment signed by the requisite number of people,   identification of the agent and the delegation of authority authorizing him to impose the penalty, the legislative regulation that authorized the agent to impose the penalty and that requires the Plaintiff to pay it, the verification from the Secretary that the requirements of any applicable law or administrative procedure have been met, the delegation of authority authorizing the agent to send a *Final Notice of Intent to Levy* to Plaintiff, the statutory *Notice and Demand for Payment* of the penalty, the form or letter number of said *Notice and Demand for Payment*, and the Treasury decision or regulation identifying that document as the *Notice and Demand for Payment*.

E.    Appeals Officer Ms. Boudreau did not produce any statute that established the existence of the underlying tax liability

29

for which the penalties had been imposed.

F.    Appeals Officer Ms. Boudreau did not accept the Plaintiff's collection alternative, where Plaintiff would pay the penalties if the proper documents, code sections, and regulations requested in her letter were provided.

G.    Plaintiff did not waive the right to an impartial officer.

57.    Plaintiff contends that the penalties at issue cannot be lawfully collected by distraint under 26 U.S.C. 6331 as proposed.

A.    The legislative implementing regulations for 26 U.S.C. 6331 are found in 27 CFR, thus connecting them with Alcohol, Tobacco, and Firearms Taxes, not Income Taxes [See Exhibit K].

B.    The Federal Debt Collection Procedures are found in 28 U.S.C. Chapter 176, sections 3001 through 3308. Section 3001 establishes that *the chapter provides the exclusive civil procedures for the United States*. Section 3002 defines debt as used in the chapter as *an amount that is owing to the United States on account of* a list of items that includes *tax* and *penalty*. Sections 3102 and 3104 provide that a court order is required, and that a writ of attachment or a writ of garnishment must be issued by the court. Only United States marshals can seize property.

C.    26 U.S.C. 7401, captioned *Authorization*, reads as follows.

*No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture shall be commences unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.* Plaintiff has received no proof that such activity has been directed.

D.  26 U.S.C. 7608, captioned *Authority of internal revenue enforcement officers*, in paragraph (b), captioned *Enforcement of laws relating to internal revenue other than subtitle E*, shows that only criminal investigators of the Intelligence Division of the IRS are authorized *to make seizures of property subject to forfeiture under the internal revenue laws.*

E.  26 U.S.C. 7214, captioned *Offences by officers and employees of the United States*, lists in paragraph *(a) Unlawful acts of revenue officers or agents* a series of crimes for which an officer or agent may be fined or imprisoned. Among them are: *extortion or willful oppression under color of law,* and knowingly demanding *other or greater sums than are authorized by law.*

F.  Plaintiff holds that the process of this determination has been arbitrary and capricious.

31

## Relief Requested

**WHEREFORE**, based on all of the above, it is clear that no proper Collection Due Process hearing, according to law, was ever held and that the determination at issue is a fraud and a mockery of law. It is also clear that the Defendant's employees who issued said determination had no basis in law or in fact to do so. However, in doing so, they have injured Plaintiff in that they have compelled her to expend a good deal of time, money and energy in having to further litigate their fraudulent determination in order to prevent the illegal seizure of her property pursuant to 26 U.S.C. 6331. Therefore, based on all of the above, Plaintiff requests that this Honorable Court:

1. Declare invalid the Internal Revenue Service determination of November 5, 2004, since no valid hearing was ever held and since Defendant produced none of the documents required by law that would establish that the penalties at issue were legally imposed and for which a lawful notice and demand for payment was sent to Plaintiff;

2. Order the Defendant to reimburse Plaintiff for all of her costs in bringing this unnecessary action;

3. Award Plaintiff such other punitive damages as equity relief dictates, based on the needless time, effort and money that the Defendant's lawless actions compelled the Plaintiff to expend.

**Pursuant to 28 U.S.C. 1748, I certify under penalty of perjury that the foregoing is true and correct.**

Executed on _November 22, 2004_

Respectfully submitted,

Ellen M. McCurdy, Pro Se
P.O. Box 36
North Scituate, Massachusetts 02060
(781) 545-3654

**Internal Revenue Service**
Appeals Office
10 Causeway Street
Room 493
Boston, MA  02222

Date:  NOV 0 5 2004

ELLEN MCCURDY
PO BOX 36
NORTH SCITUATE MA  02060

**Department of the Treasury**

**Person to Contact:**
 Lisa S. Boudreau
 Employee ID Number: 04-05025
 Tel:  (617) 788-0634
 Fax:  (617) 788-0675
**Refer Reply to:**
 AP:FE:BOS:LSB
**SSN/EIN Number:**
 ███████████
**Tax Type/Form Number:**
 CiviilPenalty
**In Re:**
 Collection Due Process Hearing
 (District Court)
**Tax Period(s) Ended:**
 12/2001 12/2002

**Certified Mail**

## NOTICE OF DETERMINATION
## CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Ms. McCurdy:

We have reviewed the taken or proposed collection action for the period(s) shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below.  The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s).

**EXHIBIT - A**

If you have any questions, please contact the person whose name and telephone number are shown above.

**<u>Summary of Determination</u>**
Issuance of the Final Notice and the proposed levy action are fully sustained.

Sincerely,

Linda Rolf
Appeals Team Manager

Attachment to Letter    .4 (DC)
Taxpayer: Ellen McCurdy

- **Request timely submitted under IRC § 6330**

| | Type of Tax(es) | Tax Period(s) | Date of CDP Notice | Date CDP Request Received or Postmark | Code Section |
|---|---|---|---|---|---|
| | Civil Penalty | 12/31/2001 | 3/23/2004 | 4/18/2004 | 6330 |
| | IRC §6702 | | | | |
| | Civil Penalty | 12/31/2002 | 3/23/2004 | 4/18/2004 | 6330 |
| | IRC §6702 | | | | |

As the taxpayer's request for a Collection Due Process (CDP) Hearing under IRC §6330 was within 30 days from the date of the Final Notice, the taxpayer was granted a CDP Hearing in this matter.

## Summary and Recommendation

The taxpayer submitted a "Request for a Collection Due Process Hearing" in response to a Final Notice issued on March 23, 2004 by the Automated Collection Section. The notice reflects unpaid civil penalty liabilities assessed under Internal Revenue Code §6702 for the periods ending December 31, 2001 and December 31, 2002 in the amount of $1,017.10.

The taxpayer indicated that she felt that she is not liable for the civil penalty under Internal Revenue Code §6702. Ms. McCurdy is liable for the assessed civil penalty. No viable collection alternative was proposed. Issuance of the Final Notice and the proposed levy action are fully sustained.

## Brief Background

Ms. McCurdy has not voluntarily filed process able income tax returns since at least the calendar year ending December 31, 1998. For the calendar year ending December 31, 2001 she filed frivolous documents on April 15, 2002. The form 1040 consisted of zeros on lines #7 through 34 and lines 39 through 70. Ms. McCurdy signed the form 1040 on April 14, 2002 and listed her occupation as "Computer Programmer". The taxpayer attached two pages outlining the reasons that she feels she is not required to file. The arguments stated are arguments that the courts have previously ruled frivolous and are outlined as such on the Internal Revenue Service web site and Revenue Ruling 2004-34.

Form 1040 filed by Ms. McCurdy for the calendar year ending December 31, 2002 was filed on April 15, 2003. This form was also not processable due to its frivolous nature. Available income information for each year indicates that the taxpayer was required to file forms 1040 and has tax due.

The taxpayer on the F12153 stated: "Genesis of penalties never answered, correspondence never answered, Invoke my right to CDPH per 26 USC 6330 attached.

2 -

Issues to be raised contained therein." Ms. McCurdy attached a copy of the appropriate Internal Revenue Code section as well as a request to hold the hearing at the Andover, Massachusetts office and to record the hearing.

# Discussion and Analysis

## MATTERS CONSIDERED AT THE APPEALS HEARING

### I. Verification of Applicable Law and Administrative Procedures.

A review of the administrative file indicates that statutory and administrative requirements that needed to be met with respect to the proposed levy have been satisfied.

This hearing was provided under IRC Section 6330 with respect to a proposed levy. A levy is a legal seizure of a taxpayer's property to satisfy a tax debt. If a taxpayer does not pay his/her taxes, or make arrangements to settle a tax debt, the IRS may seize and sell any type of real or personal property the taxpayers owns or has an interest in. IRS may also levy a taxpayer's wages.

IRC § 6321 creates a lien on the taxpayer's property if the taxpayer neglects or refuses to pay the tax after the tax is assessed and after notice and demand for payment are sent to the taxpayer's  last known address, as provided for in IRC § 6303.  Review of transcripts has confirmed the tax was assessed, and notice and demand was mailed to the taxpayer at the last known address, and there is still a balance due.

IRC § 6331 empowers the Service to use levy action to collect taxes on all property or rights to property belonging to the taxpayer or on which there is a federal tax lien.

IRC § 6331(d) requires that IRS notify a taxpayer at least 30 days before the day of levy.  The record shows that such a notice was mailed via certified mail, return receipt requested, on March 23, 2004.

IRC § 6330(a) (1) specifically provides that no levy may be made unless the IRS notifies a taxpayer of:

- The Service's intention to levy, and
- The taxpayer's opportunity for a hearing with the IRS Office of Appeals.
- This notice (which is combined with the notice required under IRC § 6331(d) on Letter 1058/LT 11) was mailed on March 23, 2004via certified mail, return receipt requested.

Section 6330(b) guarantees the right to a fair hearing by the Internal Revenue Office of Appeals.  The hearing is to be conducted by an impartial officer who has had no previous dealing with respect to the unpaid tax.  The Settlement Officer assigned to

- 3 -

hear this case has had no prior involvement with respect to any of the tax liabilities which are part of this hearing.

Under Service procedures, a final notice of proposed levy is supposed to be sent only when the Service has identified potential levy sources. According to the record, levy sources were identified.

IRC § 6330(c) allows the taxpayer to raise any relevant issues relating to the unpaid tax or the proposed levy at the due process hearing.

The collection statute and collection actions were suspended.

## II. Relevant Issues Presented by the Taxpayer.

The taxpayer requested a face to face conference at the Andover Service Center and requested that the hearing be recorded. On August 25, 2004 Settlement Officer Lisa Boudreau sent a letter to Ms. McCurdy informing her that she did not qualify for a face to face conference as the only issues raised were issues that appeals does not consider such as issues that are frivolous, groundless, constitutional, etc. She was given an opportunity to raise issues that appeals could consider which would have qualified her for a face to face conference. She responded that she would prefer a face to face conference. She outlined the background to her appeal attached a list of assumptions and documents and topics for the hearing. She did not outline any arguments that would change the determination to hold a telephone conference. A telephone conference was held with Ms. McCurdy on September 21, 2004.

- **Challenges to the Existence or Amount of the Liability.** The taxpayer challenged the existence and amount of the liability. Ms. McCurdy challenged the underlying liability as she states that "The penalty can only apply if there is an underlying tax liability." This contention is incorrect as per Internal Revenue Code §6702 which states:

*"If-*

> *(1) any individual files what purports to be a return of the tax imposed by subtitle A but which-*
> *(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or*
> *(B) contains information that on it face indicates that the self-assessment is substantially incorrect; and*
> *(2) the conduct referred to in paragraph (1) is due to-*
> *(A) a position which is frivolous, or*
> *(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,*
*then such individual shall pay a penalty of $500.00.*

and as per Internal Revenue Manual section 20.1.10.9

*IRC §6702 provides for an immediate assessment of a $500.00 in the amount of a $500.00 civil penalty against individuals who file frivolous income tax returns or frivolous*

- 4 -

*amended income tax returns. The penalty is not based on tax liability. There does not need to be an underpayment of tax or understatement of liability in order for the penalty to be imposed…*

*…The penalty can be asserted on a frivolous Form 1040, Form 1040X, Amended Return, Form 843, Claim and others which:*

*Do not contain sufficient information to judge the correctness of the tax, or*

*Contain information that on its face indicates the self-assessment is incorrect, And*

*The conduct referred to in (a) or (b) is due to a position which is frivolous or a desire to delay or impede the administration of the tax laws…*

No underlying liability is necessary in order for the civil penalty under Internal Revenue Code §6702 to be assessed as outlined in both the Internal Revenue Code section and Internal Revenue Manual as outlined above.

Ms. McCurdy filed forms 1040 such as those described in Revenue Ruling 2004-34. That ruling states "This ruling emphasizes to taxpayers, and to promoters and return preparers who assist taxpayers with these schemes, that a taxpayer cannot avoid income tax by filing a zero return. The zero return position has no merit and is frivolous."

On September 15, 2004 a letter was sent to Ms. McCurdy by Settlement Officer Lisa Boudreau. Attached to the letter were certified transcripts of the periods at issue, as well as a copy of Internal Revenue Code §6702. This Internal Revenue Code section is the basis for the civil penalty that was assessed. Ms. McCurdy was also referred to the Internal Revenue Service web site and the publication "The Truth About Frivolous Tax Arguments." The portion of that publication dealing with the arguments she made was attached to the correspondence.

The liability for the civil penalty assessed as per Internal Revenue Code §6702 is fully sustained. The issues raised by Ms. McCurdy are not adequate challenges to the liability.

- **Challenges to the Appropriateness of the Proposed Collection Action.** The taxpayer contends that contact with her bank or employer are too intrusive.

- **Collection Alternatives Offered by the Taxpayer.** Ms. McCurdy indicated that she would pay the penalties if the Service provided with all of the documents request and all legislative regulations making her liable for the penalties. Ms. McCurdy was provided with Internal Revenue Code § 6702, but did not pay the penalties. She did not propose a viable collection alternative.

- **Other Issues Raised by the Taxpayer.** Ms. McCurdy indicated that she had not received the statutory notice of balance due. Ms. McCurdy was provided with form

5 -

4340, Certificate of Assessments, Payments and Other Specified Matters which indicates that the Statutory Notice of Balance Due was issued. This is a computer generated notice and as such an original copy is not available. Although Ms. McCurdy requested an original copy of the notice, none was provided during the Collection Due Process hearing as it was not available. As Ms. McCurdy was informed in the letter of September 15, 2004, the courts have determined that Form 4340 satisfies the requirement under Internal Revenue Code §6330(c)(1) to verify "that the requirements of any applicable law or administrative procedure have been met." Ms. McCurdy is aware of her rights to request additional documents under Freedom of Information Act Provisions and has exercised those rights.

- No other non frivolous issues were raised.

### III. Balancing of the Need for the Efficient Collection of the Taxes With the Concerns That the Collection Action Be No More Intrusive Than Necessary.

Ms. McCurdy filed forms 1040 for the calendar years ending December 31, 2001 and December 31, 2002 that fit the definition of frivolous returns as outlined in the Internal Revenue Service publication "The Truth About Frivolous Tax Arguments" and in Revenue Ruling 2004-12 as well as Notice 2004-22. Ms. McCurdy did not outline any challenge to the liability that was supported by non frivolous arguments.

Ms. McCurdy felt that contact with her employer or bank was too intrusive. She did not pay the penalty or propose a viable collection alternative, despite having been provided with the requested basis for the civil penalty as requested. Issuance of the Final Notice and the proposed levy action are fully sustained. This analysis indicates that this action is now necessary to provide for the efficient collection of the taxes despite the potential intrusiveness of enforced collection.

Department of the Treas
Internal Revenue Service
AUTOMATED COLLECTION SYSTEM SUPPORT
PO BOX 24017
FRESNO, CA 93779-4017

Date:
MAR. 23, 2004

Taxpayer Identification Number:
███████  A 04

Caller ID:  278004

7103 7872 8500 2084 7382

Contact Telephone Number:
TOLL FREE:  1-800-829-7650
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM
ASISTENCIA EN ESPANOL 1-800-829-7t

ELLEN M MCCURDY
PO BOX 36
N SCITUATE   MA   02060-0036364

## CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
## FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

### WHY WE ARE SENDING YOU THIS LETTER

We've written to you before asking you to contact us about your overdue taxes. You haven't responded or paid the amounts you owe. We encourage you to call us immediately at the telephone number listed above to discuss your options for paying these amounts. If you act promptly, we can resolve this matter without taking and selling your property to collect what you owe.

We are authorized to collect overdue taxes by taking, which is called levying, property or rights to property and selling them if necessary. Property includes bank accounts, wages, real estate commissions, business assets, cars and other income and assets.

### WHAT YOU SHOULD DO

This is your notice, as required under Internal Revenue Code sections 6330 and 6331, that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:
.       Pay the full amount you owe, shown on the back of this letter. When doing so,
    .     Please make your check or money order payable to the United States Treasury;
    .     Write your social security number and the tax year or employer identification number and the tax period
          on your payment; and enclose a copy of this letter with your payment.
.       Make payment arrangements, such as an installment agreement that allows you to pay off your debt over time.
.       Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days
        from the date of this letter.

### WHAT TO DO IF YOU DISAGREE

If you've paid already or think we haven't credited a payment to your account, please send us proof of that payment. You may also appeal our intended actions as described above.

Even if you request a hearing, please note that we can still file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice that tells your creditors that the government has a right to your current assets and any assets you acquire after we file the lien.

We've enclosed two publications that explain how we collect past due taxes and your collection appeal rights, as required under Internal Revenue Code sections 6330 and 6331. In addition, we've enclosed a form that you can use to request a Collection Due Process hearing.

We look forward to hearing from you immediately, and hope to assist you in fulfilling your responsibility as a taxpayer.

Enclosures: Copy of letter, Form 12153, Publication 594, Publication 1660, Envelope



**EXHIBIT – B1**

Automated Collection System

Letter 1058 (Rev. 05-2002)(LT-11)

Department of the Treasur
Internal Revenue Service
AUTOMATED COLLECTION SYSTEM SUPPORT
PO BOX 24017
FRESNO, CA 93779-4017

7103 7872 8500 2084 7382

**Date:**
MAR. 23, 2004

**Taxpayer Identification Number:**
A 04

**Caller ID:**    278004

**Contact Telephone Number:**
TOLL FREE:  1-800-829-7650
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM
ASISTENCIA EN ESPANOL 1-800-829-76

ELLEN M MCCURDY
PO BOX 36
N SCITUATE   MA   02060-0036364

## CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
## FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

### WHY WE ARE SENDING YOU THIS LETTER

We've written to you before asking you to contact us about your overdue taxes. You haven't responded or paid the amounts you owe. We encourage you to call us immediately at the telephone number listed above to discuss your options for paying these amounts. If you act promptly, we can resolve this matter without taking and selling your property to collect what you owe.

We are authorized to collect overdue taxes by taking, which is called levying, property or rights to property and selling them if necessary. Property includes bank accounts, wages, real estate commissions, business assets, cars and other income and assets.

### WHAT YOU SHOULD DO

This is your notice, as required under Internal Revenue Code sections 6330 and 6331, that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:
  . Pay the full amount you owe, shown on the back of this letter. When doing so,
        . Please make your check or money order payable to the United States Treasury;
        . Write your social security number and the tax year or employer identification number and the tax period on your payment; and enclose a copy of this letter with your payment.
  . Make payment arrangements, such as an installment agreement that allows you to pay off your debt over time.
  . Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days from the date of this letter.

### WHAT TO DO IF YOU DISAGREE

If you've paid already or think we haven't credited a payment to your account, please send us proof of that payment. You may also appeal our intended actions as described above.

Even if you request a hearing, please note that we can still file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice that tells your creditors that the government has a right to your current assets and any assets you acquire after we file the lien.

We've enclosed two publications that explain how we collect past due taxes and your collection appeal rights, as required under Internal Revenue Code sections 6330 and 6331. In addition, we've enclosed a form that you can use to request a Collection Due Process hearing.

We look forward to hearing from you immediately, and hope to assist you in fulfilling your responsibility as a taxpayer.

Enclosures: Copy of letter, Form 12153, Publication 594, Publication 1660, Envelope



## EXHIBIT - B2

Automated Collection System

Letter 1058 (Rev. 05-2002)(LT-11)

Ellen M. McCurdy
P.O. Box 36
North Scituate
Massachusetts 02060

12 April 2004

Internal Revenue Service
Automated Collection System Support
P.O. Box 24017
Fresno, California 93779

Certified Mail: 7001 1140 0001 6157 1465

**Note: Form 12153 Request for a Collection Due Process Hearing Enclosed**

To Whom It Concerns:

I am in receipt of your letter (Letter 1058), dated March 23, 2004 for tax years 2001 and 2002. A copy is enclosed for your reference. It is entitled "Final Notice of Intent to Levy and Notice of Your Right to a Hearing".

I am puzzled that you never answered my correspondences regarding these penalties. I have replied to each and every one of your letters.

I am invoking my right to a Due Process Hearing, pursuant to 26 USC 6330. The form 12153 is enclosed. The particulars are listed below:

> ➢ I request an in-person hearing at the Andover, Massachusetts office, which is the closest to where I live.
> ➢ I request that you transfer my files and all the accompanying paperwork to the Andover campus.
> ➢ I request that the hearing be conducted with an impartial person.
> ➢ Obviously, I will be recording the hearing, pursuant to 26 USC 7521. This is my request for same.

>> Sec. 7521. Procedures involving taxpayer interviews
>> (a) Recording of interviews
>>> (1) Recording by taxpayer
>>> Any officer or employee of the Internal Revenue Service in connection with any in-person interview with any taxpayer relating to the determination or collection of any tax shall, upon advance request of such taxpayer, allow the taxpayer to make an audio recording of such interview at the taxpayer's own expense and with the taxpayer's own equipment.

Kindly send me the contact information when you have sent all of the pertinent documents to the Andover office. Thank you in advance.

Sincerely,

*Ellen M McCurdy*

Ellen M. McCurdy

**EXHIBIT – C1**                    - 1 -

Enclosures:

- ✓ Final Notice of Intent to Levy dated March 23, 2004
- ✓ Form 12153 Request for a Collection Due Process Hearing
- ✓ Attachment to Form 12153



# Request for a Collection Due Process Hearing

Use this form to request a hearing with the IRS Office of Appeals only when you receive a **Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320**, a **Final Notice - Notice Of Intent to Levy & Your Notice Of a Right To A Hearing**, or a **Notice of Jeopardy Levy and Right of Appeal**. Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

*(Print)* Taxpayer Name(s): _Ellen M. McCurdy_

*(Print)* Address: _P.O. Box 36, N. Scituate, Mass. 02060_

Daytime Telephone Number: _please write_     Type of Tax/Tax Form Number(s): _N/A_

Taxable Period(s): _2001, 2002_

Social Security Number/Employer Identification Number(s): ▇▇▇▇▇▇▇▇

Check the IRS action(s) that you do not agree with. Provide specific reasons why you don't agree. If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [ __ ] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

―――― **Filed Notice of Federal Tax Lien** (Explain why you don't agree. Use extra sheets if necessary.)

_X_ **Notice of Levy/Seizure** (Explain why you don't agree. Use extra sheets if necessary.)
- Genesis of penalties never answered
- Correspondence never answered
- Invoke my right to CDPH per 26 USC 6330 attached. Issues to be raised contained therein.

I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

Taxpayer's or Authorized Representative's Signature and Date: _Ellen M McCurdy April 12, 2004_

Taxpayer's or Authorized Representative's Signature and Date: _____

IRS Use Only:

IRS Employee *(Print)*: _____    IRS Received Date: _____

Employee Telephone Number: _____

Form **12153** (01-1999)    Catalog Number 26685D

(Over)

Department of the Treasury - Internal Revenue Service

**EXHIBIT – C2**

## Attachment to Form 12153 Request for a Collection Due Process Hearing

Sec. 6330. Notice and opportunity for hearing before levy

(a) Requirement of notice before levy

(1) In general

No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. Such notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates.

(2) Time and method for notice

The notice required under paragraph (1) shall be--
(A) given in person;
(B) left at the dwelling or usual place of business of such person; or
(C) sent by certified or registered mail, return receipt requested, to such person's last known address;

not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period.

(3) Information included with notice

The notice required under paragraph (1) shall include in simple and nontechnical terms--
(A) the amount of unpaid tax;
(B) the right of the person to request a hearing during the 30-day period under paragraph (2); and
(C) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth--
(i) the provisions of this title relating to levy and sale of property;
(ii) the procedures applicable to the levy and sale of property under this title;
(iii) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals;
(iv) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under section 6159); and
(v) the provisions of this title and procedures relating to redemption of property and release of liens on property.

(b) Right to fair hearing

(1) In general

If the person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals.

(2) One hearing per period

A person shall be entitled to only one hearing under this section with respect to the taxable period to which the unpaid tax specified in subsection (a)(3)(A) relates.

(3) Impartial officer

The hearing under this subsection shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified in subsection (a)(3)(A) before the first hearing under this section or section 6320. A taxpayer may waive the requirement of this paragraph.

(c) Matters considered at hearing

In the case of any hearing conducted under this section--

(1) Requirement of investigation

The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing

(A) In general

The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
(i) appropriate spousal defenses;
(ii) challenges to the appropriateness of collection actions; and
(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability

The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

(3) Basis for the determination

The determination by an appeals officer under this subsection shall take into consideration--
(A) the verification presented under paragraph (1);
(B) the issues raised under paragraph (2); and
(C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

(4) Certain issues precluded

An issue may not be raised at the hearing if--
(A) the issue was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding; and
(B) the person seeking to raise the issue participated meaningfully in such hearing or proceeding.

This paragraph shall not apply to any issue with respect to which subsection (d)(2)(B) applies.

(d) Proceeding after hearing

(1) Judicial review of determination

The person may, within 30 days of a determination under this section, appeal such determination--
(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

(2) Jurisdiction retained at IRS Office of Appeals

The Internal Revenue Service Office of Appeals shall retain jurisdiction with respect to any determination made under this section, including subsequent hearings requested by the person who requested the original hearing on issues regarding--
(A) collection actions taken or proposed with respect to such determination; and
(B) after the person has exhausted all administrative remedies, a change in circumstances with respect to such person which affects such determination.

(e) Suspension of collections and statute of limitations

(1) In general

Except as provided in paragraph (2), if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) shall be suspended for the period during which such hearing, and appeals therein, are pending. In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing. Notwithstanding the provisions of section 7421(a), the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates.

(2) Levy upon appeal

Paragraph (1) shall not apply to a levy action while an appeal is pending if the underlying tax liability is not at issue in the appeal and the court determines that the Secretary has shown good cause not to suspend the levy.

(f) Jeopardy and State refund collection

If--
(1) the Secretary has made a finding under the last sentence of section 6331(a) that the collection of tax is in jeopardy; or
(2) the Secretary has served a levy on a State to collect a Federal tax liability from a State tax refund,

this section shall not apply, except that the taxpayer shall be given
the opportunity for the hearing described in this section within a
reasonable period of time after the levy.

(Added Pub. L. 105-206, title III, Sec. 3401(b), July 22, 1998, 112
Stat. 747; amended Pub. L. 106-554, Sec. 1(a)(7) [title III,
Sec. 313(b)(2)(A), (d)], Dec. 21, 2000, 114 Stat. 2763, 2763A-642,
2763A-643.)

Internal Revenue Servi~
Appeals Office
10 Causeway St. Room 493

Boston MA  0222

Date:  August 25, 2004

Ellen Mccurdy

PO Box 56

Scituate, MA  02060

Departmen. .f the Treasury

**Person to Contact:**
Lisa Boudreau
  Employee ID Number: 04-05025
  Tel: 617-788-0634
  Fax: 617-788-0675
**Refer Reply to:**
  AP:FE:BOS:LSB
**In Re:Ellen Mccurdy**
  Due Process
**Social Security or Employer
Identification Number:**
  ██████████

**Tax Period(s) Ended:**
12/2001 12/2002

We Received Your Request to Audio Record Your Conference in Your Collection Due Process
Hearing

Dear Ms. Mccurdy:

You have requested to audio record your CDP conference.  Audio recording is allowed only in
face-to-face conferences.  Face-to-face conferences are available for taxpayers to raise valid
collection alternatives or other relevant issues pertaining to the lien or levy.  Face-to-face
conferences are not allowed if the only items that a taxpayer raises are frivolous or groundless.

Based on the information presently available, we have determined that you may not have a face-
to-face conference.  This is because all of the positions or issues you raise in your CDP request
or other correspondence are items either that:
- Courts have determined are frivolous or groundless, or
- Appeals otherwise does not consider.  These are moral, religious, political, constitutional,
  conscientious, or similar grounds.

Examples of arguments that are considered frivolous or groundless are provided in "The Truth
About Frivolous Tax Arguments" on the IRS Internet website at http://www.irs.gov/pub/irs-
utl/friv_tax.pdf .  This is not a complete list of frivolous and groundless arguments.

Although you do not qualify for a face-to-face conference, you may have a telephone conference
or discuss matters by correspondence.

If you are interested in participating in a face-to-face conference, you must be prepared to
discuss issues relevant to paying your tax liability or to the liability.  These include, for example,
offering other ways to pay your taxes, such as an installment agreement or offer in compromise.
The Internal Revenue Manual determines whether Appeals can accept your proposal.  If you
wish to have a face-to-face conference, please write me within 15 days from the date of this letter
and describe the relevant issues you will discuss.  To be considered for an installment agreement
or offer in compromise you **must** provide within 15 days of the date of this letter:

**EXHIBIT – D**

1. Copies of your income tax returns for the years ending December 31, 2001, December 31, 2002 and December 31, 2003
2. A completed form 433A, collection information statement (blank enclosed)

In the meantime, I have scheduled a telephone conference for you on September 21, 2004 at 2:00PM. Please telephone me at that time at 617-788-0634. If this is not convenient for you, or you prefer to discuss these matters by correspondence, please let me know as soon as possible. I would be happy to consider other dates and times within 14 days of the scheduled conference. If I don't hear from you by the scheduled hearing date, I will issue the required determination letter based on the information in the file.

Sincerely,

LISA BOUDREAU
SETTLEMENT OFFICER

2



Ellen M. McCurdy
P.O. Box 36
North Scituate
Massachusetts 02060

31 August 2004

Internal Revenue Service
Appeals Office
10 Causeway Street
Room 493
Boston, Massachusetts 02222

Attn: Lisa Boudreau

Certified Mail: 7001 1140 0001 6154 4957

Re: CDPH Request Civil Penalty 2001 and 2002

Dear Ms. Boudreau:

I am in receipt of your letter, dated August 25, 2004 for tax years 2001 and 2002, regarding my request for a face to face Collections Due Process Hearing. A copy is enclosed for your reference.

**Important**: Please note that you sent the letter to the wrong address. Please correct your records at once to show <u>P.O. Box 36, North Scituate, Massachusetts 02060</u> instead. Also, my last name is spelled and capitalized as McCurdy.

In your letter, you have denied me a face to face conference. You claim that *positions or issues* I have raised in the *CDP request or other correspondence* are either frivolous or groundless or cannot be considered because of other grounds. I dispute this allegation. All of my correspondence to you has been rooted in law, legislative regulations, or Supreme Court decisions.

I would prefer a face to face conference in order to make a proper recording of the proceedings, per 26 USC 7521, and to exchange and review documents. I protest this restriction and I hope that you will reconsider after reading this letter.

This letter shall be considered part of the Collection Due Process Hearing procedure and form part of the record of same, in the event that an appeal is required following an unfavorable determination. In this letter, I will lay out the background information and definitions of terms as I understand them. I will provide a list of documents requested for the hearing and the issues that I expect that we can discuss at that time. This is not an exhaustive list of things we can discuss, but rather a starting point.

**EXHIBIT – E**                    1

<u>Background</u>

The first correspondence I received in this matter was Form CP504, a notice on intent to levy on certain assets for a CIVPEN. I received no correspondence to identify the nature and authority of such a penalty. If this is imposed pursuant to 26 USC 6702, then I wish to know what is frivolous about my tax returns. Further, I can find no legislative implementing regulation for this statute in the Parallel Table of Authorities, and as such, the statute is benign and without force. I have written back to the Internal Revenue Service with each letter and form that I received, yet I have never gotten a responsive answer to my inquiries, nor have I been given any hearing, despite my many requests. I hope that the word 'frivolous' is not being used as a weapon to suppress legitimate questions of liability and authority. If I am wrong about anything, I wish to know about it.

Ultimately I received the Final Notices of Intent to Levy (Letter 1058). They were not even signed. At that time, I submitted my request for the Collection Due Process Hearing.

<u>Purpose of the Collection Due Process Hearing</u>

To set the record straight, I grant and recognize the legal authority of the Internal Revenue Service to collect income taxes on the basis of voluntary self-assessment. Despite this authority, the Internal Revenue Service agents have for years managed to collect income taxes illegally. Senator William Roth was Chairman of the Senate Finance Committee, which investigated the IRS in 1997; their findings led, of course, to the Restructuring Act of 1998. He wrote a book about this investigation entitled *The Power to Destroy*. I quote just a few excerpts here:
- Page 15, *But as we discovered in our investigation, many of the abuses committed by Service personnel were in violation of laws that were already on the books.*
- Page 73, *[R]ecent investigations by the Internal Revenue Service itself admit that far too many of the countless assessments, seizures, levies, and liens that the IRS executes each year are inappropriate and in open violation of the law.*

It was to protect the American public from such wide scale IRS activities that the United States Congress passed into law 26 USC 6320 and 6330, which gave every American the right to a collection due process hearing. Those laws identify the right to see certain documents and to resolve relevant issues before property could be made subject to seizure. Thus, the purpose of the hearing is to prevent unlawful seizure of property.

There is a relevant and important Supreme Court decision, *Federal Crop Insurance Corporation v. A.A. Merrill* (332 US 380-388), in which the Supreme Court held that:
> *Men must turn square corners when they deal with the government......*
> *Anyone entering into an arrangement with the government takes the*
> *risk of having accurately ascertained that he who purports to act for the*
> *government stays within the bounds of his authority, even though the*
> *agent himself may be unaware of the limitations upon his authority.*

These were wise words indeed. It is my hope that with this hearing, we can avoid that risk.

| Definition of Terms | | Citation |
|---|---|---|
| Verification | Confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition | Black's Law Dictionary 6th Edition |
| Secretary | The Secretary of the Treasury or his delegate | 26 USC 7701 (11) (B) |
| Delegate | Any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context | 26 USC 7701 (12) |

| Assumptions | | Citation |
|---|---|---|
| 1. | Tax Court decisions are not binding on either of the parties in this matter and will not be considered. | IRS Publication 17 |
| 2. | The Appeals Officer has extensive knowledge of tax code and regulations. | IRS Standard Position Description 90321N |
| 3. | The Appeals Officer will furnish assistance in answering questions related to tax matters. | IRS Standard Position Description 90321N |
| 4. | The Appeals Officer is impartial in this matter. | 26 CFR 601.106 Rule 1 26 USC 6330 (b) (3) Impartial officer |
| 5. | An exaction by the U.S. Government, which is not based upon law, statutory or otherwise, is a taking of property without due process of law, in violation of the Fifth Amendment to the U.S. Constitution. | 26 CFR 601.106 Rule 1 |
| 6. | The Appeals Officer shall hew to the law and the recognized standards of legal construction. | 26 CFR 601.106 Rule 1 |
| 7. | The Appeals Officer will apply the tax law with integrity and fairness. | IRS Mission Statement |
| 8. | Every person liable for any tax imposed by this title [Subtitle A], or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe. | 26 USC 6001 Privacy Act Notice reference |
| 9. | When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations. | 26 USC 6011 Privacy Act Notice reference |
| 10. | Summary of general tax procedure.  Collection Procedure. The Federal tax system is basically one of self-assessment. | 26 CFR 601.103 (a) Collection Procedure |

| Documents and Topics for the CDP Hearing | Citation |
|---|---|
| 1. *No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.* Please supply this document. I believe it is either form 13130 or 330. | 26 USC 6751 (b) (1) Approval of Assessment<br><br>Note that statutes under (2) Exceptions do not apply. |
| 2. Please supply the delegation of authority from the Secretary authorizing such person(s) to impose a so-called *frivolous* penalty. | 26 USC 7701 (11) (B) 26 USC 7701 (12) |
| 3. Please supply the legislative regulation(s) that authorize the IRS to impose such a penalty and which require me to pay it. | 26 USC 6001 26 USC 6011 |
| 4. *The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.* This verification shall be *presented* to the individual. Please supply this document. | 26 USC 6330 (c) (1) Requirement of investigation<br><br>26 USC 6330 (c) (3) (A)<br><br>Black's Law Dictionary 6th Edition |
| 5. *No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.* Please supply the delegation of authority from the Secretary authorizing the person who sent the hearing notice to do so. | 26 USC 6330 (a) (1) In general<br><br>26 USC 7701 (11) (B) 26 USC 7701 (12) |
| 6. Please identify the individual(s) who sent out the Final Notices of Intent to Levy (Letter 1058) and send a copy of his/her Pocket Commission. | 26 USC 6330 (c) (2) (A) Issues at hearing |
| 7. I challenge the *appropriateness of collection actions.* Contact with my employer or bank is too intrusive. Further, collection action is inappropriate because the IRS has never replied to my many letters on this topic. See also a discussion of the Federal Debt Collection Procedures below. | 26 USC 6330 (c) (2) (A) (ii) Issues at hearing |
| 8. I challenge the underlying liability of the tax at issue. Please identify the <u>specific</u> code section that makes me liable for the underlying income tax at issue. You cannot merely assert without support that such a liability exists, since there are plenty of other taxes that are well defined in the code. Income tax, however, is not among them as far as I can determine. | 26 USC 6330 (c) (2) (B) Underlying liability |

| 9. If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property ... belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.<br>Please supply or at least identify the statutory notice and demand for payment as required by the above code section. A blank copy of such form is sufficient. Please identify and supply the Treasury regulation that identifies that form as the statutory notice and demand for payment.<br>I assert that I never received a statutory notice and demand for payment of the penalty at issue. | 26 USC 6331 (a)<br>Authority of Secretary |
| --- | --- |
| 10. For Levy and Distraint, 26 USC 6331 is routinely used by the Internal Revenue Service for collections related to *income taxes*. However, the implementing legislative regulations are found in 27 CFR Part 70, thus connecting it with alcohol, tobacco, and firearms taxes instead. I challenge the appropriateness of 26 USC 6331 as a means of collecting the penalty in this matter. | 26 USC 6331<br>26 USC 6330 (c) (2) (A) (ii)<br>Issues at hearing |
| 11. Collection alternatives will be discussed. If you can provide the documents and regulations requested above, there will be no need for collection action. | 26 USC 6330 (c) (2) (A) (iii)<br>Issues at hearing |

For the record, the IRS collections process is in direct violation of the Federal Debt Collection Procedures outlined in Title 28.

- 28 USC 3001(a), Applicability of chapter, states that the chapter provides the *exclusive* civil procedures for the United States.
- 28 USC 3002 (3) defines debt to mean *an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States.*
- 28 USC 3102 (a) (1) describes *property subject to attachment.* It excludes *earnings* and requires a *writ of attachment.* Paragraph (c) (1) and paragraph (d) direct the *United States marshal* of the district to seize or levy the property in question.
- 28 USC 3104 (1) provides for a *writ of garnishment* against property, excluding *earnings.*

Emphasis was added.


Please forward the documents requested above to me so that I will have them before our appointment on September 21 at 2:00 PM. I expect that you would already have them and can just send them off easily. However, if you need more time, I will gladly agree to a rescheduled hearing date. Please let me know.


Thanking you in advance,

Ellen M. McCurdy

**Internal Revenue Ser**    ?                    **Departn    . of the Treasury**
Appeals Office
10 Causeway Street                              **Person to Contact:**
Room 493                                            Lisa S. Boudreau
Boston, MA  02222                                   Employee ID Number: 04-05025
                                                    Tel:  (617) 788-0634
                                                    Fax:  (617) 788-0675
Date:  September 15, 2004                        **Refer Reply to:**
                                                    AP:FE:BOS:LSB
                                                **In Re:**
ELLEN MCCURDY                                      Collection Due Process - Levy
PO BOX 36                                        **Tax Period(s) Ended:**
NORTH SCITUATE MA  02060                            12/2001 12/2002

Dear Ms. McCurdy:

I received your letter of August 31, 2004.  You did not raise any relevant issues regarding you
liability or collection alternatives and based on the information available you do not qualify for a
face-to- face conference.  The civil penalty was assessed as per Internal Revenue Code §6702.  I
have enclosed a copy of the applicable Internal Revenue Code section, as well as a copy of a
section of "The Truth About Frivolous Tax Arguments" that outlines a sample or frivolous
arguments dealing with the voluntary nature of the Federal Income Tax System.  Additional
information and the rest of the document are available at the IRS Internet website at
http://www.irs.gov/pub/irs-utl/friv_tax.pdf .

I have enclosed certified transcripts for the civil penalties for the calendar years ending
December 31, 2001 and December 31, 2002.  We have determined that all the proper
administrative steps have been taken by the Service and have provided you with a Form 4340,
Certificate of Assessments and Payments.  The Tax Court has found that a Form 4340 satisfies
the requirement under I.R.C. § 6330 (c) (1) to verify, "that the requirements of any applicable
law or administrative procedure have been met."  Davis v. Commissioner, 115 T.C. No. 4 (July
31, 2000).  The burden of overcoming the presumption of correctness in a Form 4340 is
substantial.  A taxpayer undertaking a CDP appeal on the grounds you allege is expected to have
evidence of the alleged procedural defect in hand and be prepared to go forward.

If you would like a Collection Due Process hearing via telephone, the hearing has been
scheduled for September 21, 2004 at 2:00PM as per my letter of August 25, 2004.  If you would
prefer to hold the hearing via correspondence, please forward any correspondence you would
like me to consider by that date.  My determination will be made with the information available
on September 21, 2004.  If you have any questions please contact me at the address and
telephone number above.

                              Sincerely,

                              Lisa S. Boudreau
                              Settlement Officer

**EXHIBIT – F**

-4-

## THE TRUTH ABOUT FRIVOLOUS TAX ARGUMENTS

This responds to some of the more common frivolous "legal" arguments made by individuals and groups who oppose compliance with the federal tax laws. The first section groups these arguments under six general categories, with variations within each category. Each contention is briefly explained, followed by a discussion of the legal authority that rejects the contention. The second section responds to some of the more common frivolous arguments made in collection due process cases brought pursuant to sections 6320 or 6330. These arguments are grouped under ten general categories and contain a brief description of each contention followed by a discussion of the correct legal authority. A final section explains the penalties that the courts may impose on those who pursue tax cases on frivolous grounds.

## I.  FRIVOLOUS TAX ARGUMENTS

A.    The Voluntary Nature of the Federal Income Tax System

      1.    Contention:  The filing of a tax return is voluntary.

          Some assert that they are not required to file federal tax returns because the filing of a tax return is voluntary. Proponents point to the fact that the IRS itself tells taxpayers in the Form 1040 instruction book that the tax system is voluntary. Additionally, the Supreme Court's opinion in Flora v. United States, 362 U.S. 145, 176 (1960), is often quoted for the proposition that "[o]ur system of taxation is based upon voluntary assessment and payment, not upon distraint."

          The Law:  The word "voluntary," as used in Flora and in IRS publications, refers to our system of allowing taxpayers to determine the correct amount of tax and complete the appropriate returns, rather than have the government determine tax for them. The requirement to file an income tax return is not voluntary and is clearly set forth in sections 6011(a), 6012(a), et seq., and 6072(a). See also Treas. Reg. § 1.6011-1(a).

          Any taxpayer who has received more than a statutorily determined amount of gross income is obligated to file a return. Failure to file a tax return could subject the noncomplying individual to criminal penalties, including fines and imprisonment, as well as civil penalties. In United States v. Tedder, 787 F.2d 540, 542 (10th Cir. 1986), the court clearly states, "although Treasury regulations establish voluntary compliance as the general method of income tax collection, Congress gave the Secretary of the Treasury the power to enforce the income tax laws through involuntary collection. ... The IRS' efforts to obtain compliance with the tax laws are entirely proper."

**EXHIBIT – G**

-5-

**Relevant Case Law:**

Helvering v. Mitchell, 303 U.S. 391, 399 (1938) – the U.S. Supreme Court stated that "[i]n assessing income taxes, the Government relies primarily upon the disclosure by the taxpayer of the relevant facts ... in his annual return. To ensure full and honest disclosure, to discourage fraudulent attempts to evade the tax, Congress imposes [either criminal or civil] sanctions."

United States v. Tedder, 787 F.2d 540, 542 (10th Cir. 1986) – the court upheld a conviction for willfully failing to file a return, stating that the premise "that the tax system is somehow 'voluntary' ... is incorrect."

United States v. Richards, 723 F.2d 646, 648 (8th Cir. 1983) – the court upheld conviction and fines imposed for willfully failing to file tax returns. stating that the claim that filing a tax return is voluntary "was rejected in United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983), wherein the court described appellant's argument as 'an imaginative argument, but totally without arguable merit.'"

Woods v. Commissioner, 91 T.C. 88, 90 (1988) – the court rejected the claim that reporting income taxes is strictly voluntary, referring to it as a "'tax protester' type" argument, and found Woods liable for the penalty for failure to file a return.

Johnson v. Commissioner, T.C. Memo. 1999-312, 78 T.C.M. (CCH) 468, 471 (1999) – the court found Johnson liable for the failure to file penalty and rejected his argument "that the tax system is voluntary so that he cannot be forced to comply" as "frivolous."

2.    **Contention:  Payment of tax is voluntary.**

In a similar vein, some argue that they are not required to pay federal taxes because the payment of federal taxes is voluntary. Proponents of this position argue that our system of taxation is based upon voluntary assessment and payment.

-6-

**The Law:** The requirement to pay taxes is not voluntary and is clearly set forth in section 1 of the Internal Revenue Code, which imposes a tax on the taxable income of individuals, estates, and trusts as determined by the tables set forth in that section. (Section 11 imposes a tax on the taxable income of corporations.) Furthermore, the obligation to pay tax is described in section 6151, which requires taxpayers to submit payment with their tax returns. Failure to pay taxes could subject the noncomplying individual to criminal penalties, including fines and imprisonment, as well as civil penalties.

In discussing section 6151, the Eighth Circuit Court of Appeals stated that "when a tax return is required to be filed, the person so required 'shall' pay such taxes to the internal revenue officer with whom the return is filed at the fixed time and place. The sections of the Internal Revenue Code *imposed a duty* on Drefke to file tax returns and pay the ... tax, a duty which he chose to ignore." United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983).

Although most criminal defendants who claimed that the law does not require them to pay taxes have been convicted, there have been rare cases in which juries acquitted such persons of the criminal charges. Despite such acquittals, however, these defendants were not relieved of their tax obligations or the civil penalties incurred by their failure to comply with the tax laws.

Recently, in United States v. Vernice B. Kuglin. No. 03-20111 (W.D. Tenn. Aug. 8, 2003), Kuglin was acquitted on charges of falsifying Forms W-4 and failing to pay taxes on $920,000 of income between 1996 and 2001. Kuglin had claimed that her correspondence seeking an explanation for the IRS' authority to collect taxes from her went unanswered. On December 22, 2003, she petitioned the Tax Court, contesting her tax liabilities for the years involved in her criminal case.

There have been no civil cases where the lack of an IRS response to an inquiry has relieved the taxpayer of the legal obligation to pay tax due. Courts have, in rare instances, waived civil penalties because they found that a taxpayer relied on an IRS misstatement or wrongful misleading silence with respect to a factual matter. Such an estoppel argument does not, however, apply to a legal matter such as whether there is legal authority to collect taxes. See, e.g., McKay v. Commissioner, 102 T.C. 465 (1994), rev'd as to other issues, 84 F.3d 433 (5th Cir. 1996).

-7-

**Relevant Case Law:**

United States v. Bressler, 772 F.2d 287, 291 (7th Cir. 1985) – the court upheld Bressler's conviction for tax evasion, noting, "[he] has refused to file income tax returns and pay the amounts due not because he misunderstands the law, but because he disagrees with it. ... [O]ne who refuses to file income tax returns and pay the tax owing is subject to prosecution, even though the tax protester believes the laws requiring the filing of income tax returns and the payment of income tax are unconstitutional."

Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988) – the court rejected Wilcox's argument that payment of taxes is voluntary for American citizens, stating that "paying taxes is not voluntary" and imposing a $1,500 penalty against Wilcox for raising frivolous claims.

Schiff v. United States, 919 F.2d 830, 833 (2d Cir. 1990), cert. denied, 501 U.S. 1238 (1991) – the court rejected Schiff's arguments as meritless and upheld imposition of the civil fraud penalty, stating "[t]he frivolous nature of this appeal is perhaps best illustrated by our conclusion that Schiff is precisely the sort of taxpayer upon whom a fraud penalty for failure to pay income taxes should be imposed."

United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) – the court stated that "[taxpayers'] claim that payment of federal income tax is voluntary clearly lacks substance" and imposed sanctions in the amount of $1,500 "for bringing this frivolous appeal based on discredited, tax-protestor arguments."

Packard v. United States, 7 F. Supp. 2d 143, 145 (D. Conn. 1998) – the court dismissed Packard's refund suit for recovery of penalties for failure to pay income tax and failure to pay estimated taxes where the taxpayer contested the obligation to pay taxes on religious grounds, noting that "the ability of the Government to function could be impaired if persons could refuse to pay taxes because they disagreed with the Government's use of tax revenues."

3.    **Contention: The IRS must prepare federal tax returns for a person who fails to file.**

Proponents of this argument contend that section 6020(b) obligates the IRS to prepare a federal tax return for a person who does not file a return. Thus, those who subscribe to this contention believe that they are not required to file a return for themselves.

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------

ELLEN M MCCURDY                          EIN/SSN: ▓▓▓▓▓▓▓▓

TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: DEC  2001

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| | MISCELLANEOUS PENALTY IRC 6702 PENALTY FOR FILING FRIVOLOUS INCOME TAX RETURN 83254-710-52010-3  200346 | 500.00 | | 11-24-2003 |
| | ADDITIONAL TAX ASSESSED 83254-710-52010-3  200346 | 0.00 | | 11-24-2003 |
| 03-08-2004 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 03-23-2004 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 04-19-2004 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 04-27-2004 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 04-18-2004 | COLLECTIONS WORKING CASE | | | |
| 04-18-2004 | LEGAL SUIT PENDING | | | |
| 11-24-2003 | Statutory Notice of Balance Due | | | |
| 01-19-2004 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)              PAGE    1

**EXHIBIT – H1**

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

ELLEN M MCCURDY                    EIN/SSN: ███████████


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: DEC 2001
------------------------------------------------------------------------


BALANCE          500.00

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER: _Susan McMahon_

PRINT NAME: Susan McMahon

TITLE: Supervisory Investigative Analyst

DELEGATION ORDER: 198/18


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

      ACCOUNT STATUS DATE 08/25/2004

FORM 4340  (REV. 01-2002)            PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

------------------------------------------------------------------------

ELLEN M MCCURDY                    EIN/SSN: ████████████

TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: DEC  2002

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| | MISCELLANEOUS PENALTY IRC 6702 PENALTY FOR FILING FRIVOLOUS INCOME TAX RETURN 83254-710-52011-3  200346 | | 500.00 | 11-24-2003 |
| | ADDITIONAL TAX ASSESSED 83254-710-52011-3  200346 | | 0.00 | 11-24-2003 |
| 03-08-2004 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 03-23-2004 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 04-19-2004 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 04-27-2004 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 04-18-2004 | COLLECTIONS WORKING CASE | | | |
| 04-18-2004 | LEGAL SUIT PENDING | | | |
| 11-24-2003 | Statutory Notice of Balance Due | | | |
| 01-19-2004 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                    PAGE    1

**EXHIBIT – H2**

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------------

ELLEN M MCCURDY                          EIN/SSN: ███████████

TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: DEC  2002
-----------------------------------------------------------------------------

BALANCE            500.00

-----------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

-----------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER: _Susan McMahon_____

PRINT NAME:  Susan McMahon_____

TITLE:  Supervisory Investigative Analyst_____

DELEGATION ORDER:  198/18_____

LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 08/25/2004

FORM 4340  (REV. 01-2002)                  PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------

ELLEN M MCCURDY                          EIN/SSN: ███████████

TYPE OF TAX: CIVIL PENALTY
FORM: CVPN       TAX PERIOD: DEC 2001

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| | MISCELLANEOUS PENALTY IRC 6702 PENALTY FOR FILING FRIVOLOUS INCOME TAX RETURN 83254-710-52010-3  200346 | 500.00 | | 11-24-2003 |
| | ADDITIONAL TAX ASSESSED 83254-710-52010-3  200346 | 0.00 | | 11-24-2003 |
| 03-08-2004 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 03-23-2004 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 04-19-2004 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 04-27-2004 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 04-18-2004 | COLLECTIONS WORKING CASE | | | |
| 04-18-2004 | LEGAL SUIT PENDING | | | |
| 11-24-2003 | Statutory Notice of Balance Due | | | |
| 01-19-2004 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                PAGE    1

**EXHIBIT – H1**

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

ELLEN M MCCURDY                          EIN/SSN: ███████████


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN      TAX PERIOD: DEC  2001
------------------------------------------------------------------------

BALANCE          500.00

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER: _Susan McMahon_

PRINT NAME: Susan McMahon

TITLE: Supervisory Investigative Analyst

DELEGATION ORDER: 198/18


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 08/25/2004

FORM 4340  (REV. 01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

---

ELLEN M MCCURDY                    EIN/SSN: ▓▓▓▓▓▓▓▓

TYPE OF TAX: CIVIL PENALTY
FORM: CVPN        TAX PERIOD: DEC  2002

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|--------|--------|--------|
| | MISCELLANEOUS PENALTY IRC 6702 PENALTY FOR FILING FRIVOLOUS INCOME TAX RETURN 83254-710-52011-3  200346 | | 500.00 | 11-24-2003 |
| | ADDITIONAL TAX ASSESSED 83254-710-52011-3  200346 | | 0.00 | 11-24-2003 |
| 03-08-2004 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 03-23-2004 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 04-19-2004 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 04-27-2004 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 04-18-2004 | COLLECTIONS WORKING CASE | | | |
| 04-18-2004 | LEGAL SUIT PENDING | | | |
| 11-24-2003 | Statutory Notice of Balance Due | | | |
| 01-19-2004 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)              PAGE    1

**EXHIBIT – H2**

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

----------------------------------------------------------------

ELLEN M MCCURDY                          EIN/SSN: ███████████


TYPE OF TAX: CIVIL PENALTY
FORM: CVPN       TAX PERIOD: DEC 2002

----------------------------------------------------------------

**BALANCE           500.00**

----------------------------------------------------------------

I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.    I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

----------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: _Susan McMahon_

PRINT NAME: _Susan McMahon_

TITLE: _Supervisory Investigative Analyst_

DELEGATION ORDER: _198/18_


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 08/25/2004

FORM 4340   (REV. 01-2002)            PAGE     2



Ellen M. McCurdy
P.O. Box 36
North Scituate
Massachusetts 02060

27 September 2004

Internal Revenue Service
Appeals Office
10 Causeway Street
Room 493
Boston, Massachusetts 02222

Attn: Lisa Boudreau

Certified Mail: 7004 1750 0003 0575 0764

Re: CDP Hearing for Civil Penalty 2001 and 2002

Dear Ms. Boudreau:

I am writing this letter pursuant to our telephone CDP hearing on September 21, 2004. At the end of that hearing, you gave me until October 1, 2004 to submit any further material for your consideration.

This letter represents a recap of the letter I sent you prior to the hearing, the hearing itself, and some post-hearing thoughts. It is my purpose with this letter to encapsulate the germane points and questions for your review and to restate the points of law as I understand them. I have also enclosed some supporting documentation. I appreciate this opportunity to be heard.

<u>Purpose of the Collection Due Process Hearing</u>

Senator William Roth was Chairman of the Senate Finance Committee, which investigated the IRS in 1997; their findings led, of course, to the Restructuring Act of 1998. He wrote a book about this investigation entitled *The Power to Destroy.* He says on page 73, *[R]ecent investigations by the Internal Revenue Service itself admit that far too many of the countless assessments, seizures, levies, and liens that the IRS executes each year are inappropriate and in open violation of the law.* It was to protect the American public from such activities that Congress passed into law 26 USC 6320 and 6330. Those laws identify the right to see certain documents and to resolve relevant issues before property could be made subject to seizure. Thus, the purpose of the hearing is to prevent unlawful seizure of property.

There is a relevant and important Supreme Court decision, *Federal Crop Insurance Corporation v. A.A. Merrill* (332 US 380-388), in which the Supreme Court held that:
> Anyone entering into an arrangement with the government takes the risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority...Men must turn square corners when they deal with the government...

**EXHIBIT – I**                    1

| Definition of Terms | | Citation |
|---|---|---|
| Verification | Confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition | Black's Law Dictionary 6th Edition |
| Secretary | The Secretary of the Treasury or his delegate | 26 USC 7701 (11) (B) |
| Delegate | Any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context | 26 USC 7701 (12) |

| Documents and Points of Discussion for the CDP Hearing | Citation |
|---|---|
| 1. You confirmed that you are impartial in this matter. | 26 USC 6330 (b) (3) Impartial officer |
| 2. Tax Court decisions are not binding on either party in this matter.<br><br>*This publication covers some subjects on which a court may have made a decision more favorable to taxpayers than the interpretation by the IRS. Until these differing interpretations are resolved by higher court decisions or in some other way, this publication will continue to present the interpretations by the IRS.* | IRS Publication 17 |
| 3. The law and legislative regulations must be the standard by which we operate.<br><br>*(1) Rule I. An exaction by the U.S .Government, which is not based upon law, statutory or otherwise, is a taking of property without due process of law ,in violation of the Fifth Amendment to the U.S. Constitution. Accordingly, an Appeals representative in his or her conclusions of fact or application of the law, shall* **hew to the law** *and the recognized standards of legal construction.* | 26 CFR 601.106 Rule 1 |
| *Provide America's taxpayers top quality service by helping them understand and meet their tax responsibilities and by applying the tax law with integrity and fairness to all.* | IRS Mission Statement |
| 4. Please identify the individual(s) who sent out the Final Notices of Intent to Levy (Letter 1058), dated 03-23-2004.<br><br>Please identify his/her Pocket Commission ID.<br><br>We cannot know if this individual acted within the scope of his/her authority otherwise. | 26 USC 6330 (c) (2) (A) Issues at hearing |

2

| | |
|---|---|
| 5. *No levy may be made on any property or right to property of any person unless the Secretary [or his delegate] has notified such person in writing of their right to a hearing under this section before such levy is made.*<br><br>I request a copy of the delegation of authority from the Secretary of the Treasury delegating to the individual in item 3 above the authority to notify me of my right to a CDP hearing. The form I received, Letter 1058, was not signed so I do not know who issued it. | 26 USC 6330 (a) (1)<br>In general<br><br>26 USC 7701 (11) (B)<br>26 USC 7701 (12) |
| 6. *The appeals officer shall at the hearing obtain verification from the Secretary [or his delegate] that the requirements of any applicable law or administrative procedure have been met.*<br><br>This verification shall be *presented* to the individual.<br><br>Verification would take the form of an affidavit or oath.<br><br>I once again request that you obtain and present to me the verification from the Secretary or his delegate that the requirements of any applicable law or administrative procedure have been met.<br><br>Even regulation 26 CFR 301.6330 calls for *verification from the IRS office collecting the tax.* Although this regulation does not purport to implement 26 USC 6330, since its authority is a Treasury Decision, it still calls for a similar verification.<br><br>You sent me Form 4340 transcripts signed by a Supervisory Investigative Analyst. The forms merely verify the accuracy of the transcript as to documents sent out and various account status codes, but do not make the affirmative statement called for by the law. Nor can I tell if the signer has been delegated by the Secretary to make such an affirmation. | 26 USC 6330 (c) (1)<br>Requirement of investigation<br><br>26 USC 6330 (c) (3) (A)<br><br>Black's Law Dictionary 6th Edition<br><br><br><br>26 CFR 301.6330 |
| 7. We discussed the Form 4340 transcripts.<br><br>I request the form or letter number of the 11-24-2003 Statutory Notice of Balance Due document. I never received it for either year. | |
| 8. *No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.*<br><br>In connection with the so-called frivolous penalties proposed, I request copies of any supporting documents showing who imposed the penalty – such as IRS Form 330 or the document referred to in 26 USC 6751 (b). | 26 USC 6751 (b) (1)<br>Approval of Assessment |

3

| | |
|---|---|
| 9. I request that you identify the legislative Treasury Regulation that requires me to pay the frivolous penalties imposed.<br><br>*Every person liable for any tax imposed by this title [Subtitle A], or for the collection thereof, shall keep such records, render such statements, make such returns, and <u>comply with such rules and regulations</u> as the Secretary may from time to time prescribe.* | 26 USC 6001<br>Privacy Act Notice reference |
| 10. *If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property ... belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.*<br><br>You confirmed in our telephone hearing that no seizure of my property is possible unless I ignore a Notice and Demand for Payment.<br><br>I advised you that I never got a Notice and Demand for Payment.<br><br>You identified during our telephone hearing that the "Statutory Notice of Balance Due" dated 11-24-2003 is the statutory Notice and Demand for Payment as called for by 26 USC 6331.<br><br>I request that you identify the form or letter or document number of the above mentioned "Statutory Notice of Balance Due" and supply me with a reprint of the original if possible, or a blank one if not possible.<br><br>Please identify the Treasury Regulation or Treasury Decision that identifies this form as the statutory Notice and Demand for Payment. For example, Treasury Regulation 1995 identifies Form 17 as the statutory Notice and Demand for Payment and this was still in effect in 1998. | 26 USC 6331 (a)<br>Authority of Secretary |
| 11. I challenge the underlying liability of the tax at issue. The penalty can only apply if there is an underlying tax liability.<br><br>In the Internal Revenue Code book in the index, there are dozens of taxes listed under the heading Liability for Tax. There is no entry for Income Tax. Likewise, there are no entries under the Payment of Tax or the Penalties sections for Income Tax.<br><br>Please identify the code section that establishes the underlying liability for the tax for which the penalties were imposed. For example, 26 USC 5703 identifies liability for tobacco taxes imposed by 26 USC 5701. | 26 USC 6330 (c) (2) (B)<br>Underlying liability |

| | |
|---|---|
| 12. I challenge the *appropriateness of collection actions*. Contact with my employer or bank is too intrusive.<br><br>For the record, the IRS collections process is in direct violation of the Federal Debt Collection Procedures outlined in Title 28.<br><br>    a. 28 USC 3001(a), Applicability of chapter, states that the chapter provides the *exclusive civil procedures for the United States*.<br>    b. 28 USC 3002 (3) (B) defines debt to mean *an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States*.<br>    c. 28 USC 3102 (a) (1) describes *property subject to attachment*. It excludes *earnings and* requires a *writ of attachment*. Paragraph (c) (1) and paragraph (d) direct the *United States marshal of the district* to seize or levy the property in question.<br>    d. 28 USC 3104 (a) provides for a *writ of garnishment* against property, *excluding earnings*. | 26 USC 6330 (c) (2) (A) (ii)<br>Issues at hearing |
| 13. For Levy and Distraint, 26 USC 6331 is routinely used by the Internal Revenue Service for collections related to <u>Income</u> Taxes. However, the implementing legislative regulations are found in 27 CFR Part 70, thus connecting it with <u>Alcohol, Tobacco, and Firearms</u> taxes instead.<br><br>I challenge the appropriateness of 26 USC 6331 as a means of collecting the penalty in this matter. | 26 USC 6331<br>26 USC 6330 (c) (2) (A) (ii)<br>Issues at hearing |
| 14. Collection alternatives were discussed.<br><br>If you can provide me with the documents requested above and identify the statute(s) and legislative regulation(s) that make me liable for the taxes at issue and require me to pay them, then I will send you a check for the amount of the penalties.<br><br>There will be no need for collection action. | 26 USC 6330 (c) (2) (A) (iii)<br>Issues at hearing |

## Summation

I wish to have it noted that during these proceedings, I have not made any <u>arguments</u>. I have asked for documents, code sections, regulations, and other information provided for in the law and legislative regulations. I have supplied the citation where possible in the charts above.

I have <u>not</u> received a Notice and Demand for Payment as required prior to any seizure under 26 USC 6331. I contest the use Form 4340 as a fulfillment of the verification from the Secretary since it does not comply with the wording in 26 USC 6330. I have no documents to indicate if the penalty was imposed with proper authority, per 26 USC 6751.

There is a Supreme Court decision I would like to cite here. It was *Fuller v. United States, 615 F. Supp. 1054 (D.C. Cal. 1985)*. It stated in part that:

> *Court cannot rewrite a statute to conform to what it thinks Congress intended to say or what Congress "should" have said.*

> *In absence of ambiguity, words employed by legislature are conclusive of legislature's intent.*

In other words, laws mean what they say and say what they mean.

Once again, Ms. Boudreau, I thank you for the opportunity to put this material on the record. I appreciate it.

Sincerely,

Ellen M. McCurdy

Enclosures:
- Affidavit
- Fuller v. United States Excerpt
- Form 4340 Transcripts
- Regulations Excerpts
- Code Sections and Excerpts
- Treasury Decision 1995

FULLER v. UNITED STATES
Cite as 615 F.Supp. 1054 (D.C.Cal. 1985)

70.1 (2)
CONSTITUTIONAL
LAW

"The court
cannot rewrite
a statute to
conform to
what it thinks
Congress in-
tended to say
or what
Congress
"should" have
said."

on its face indicates that the self-assess-
ment is substantially incorrect, and thus
penalty could not be imposed.  U.S.C.A.
Const.Amend. 5.

5. Constitutional Law ⊂=70.1(2)

Court cannot rewrite a statute to con-
form to what it thinks Congress intended
to say or what Congress "should" have
said.

6. Statutes ⊂=181(2)

Court cannot interpret a statute so
that it makes no sense.

7. Statutes ⊂=181(1)

Although primary task of court en-
gaged in statutory construction is to ascer-
tain and give effect to will of Congress,
such does not mean that court is to attempt
to explore subjective beliefs of individual
members of Congress; it means only that
court must determine what Congress pro-
vided for in the statute; task is more pre-
cisely described as determination of legisla-
tive will as expressed in the statute, since
the legislative will must be expressed in
the words it chooses.

8. Statutes ⊂=190

In absence of ambiguity, words em-
ployed by legislature are conclusive of leg-
islature's intent.

9. Internal Revenue ⊂=5215

Penalty statute [26 U.S.C.A.
§ 6702(a)(1)] imposing $500 fine for making
false self-assessment, or for making self-
assessment the correctness of which cannot
be determined, applies only to persons who
have at least made some representation of
their tax liability; disagreeing with Milaz-
zo v. United States, 578 F.Supp. 248.

Steven & Karen Fuller, in pro per.

Douglas W. Samski, in pro per.

Thomas A. Jolly, in pro per.

Robert Kwan, Trial Atty., Tax Div., U.S.
Dept. of Justice, Washington, D.C., Yoshi-

nori H.T. Himel, Asst. U.S. Atty., Sacra-
mento, Cal., for U.S.

ORDER

KARLTON, Chief Judge.

Plaintiffs in the three above-captioned
cases are individuals whom the Internal
Revenue Service ("IRS") has fined $500 for
filing "frivolous" income tax returns for
the 1982 taxable year. See 26 U.S.C. ("I.R.
C.") § 6702(a).  In timely compliance with
the statutory requirements, plaintiffs paid
15% of the penalty ($75), and filed claims
for refund with the IRS.[1]  See I.R.C.
§§ 6703(c)(1), 7422(a).  The IRS denied the
claims of each plaintiff.  Plaintiffs then
timely filed these actions seeking a deter-
mination of their liability for the penalties.
See I.R.C. §§ 7422(a), (f)(1), and 6703(c)(2).

The United States sought dismissal, or in
the alternative, summary judgment, in
Fuller and Samski.  The motions were
denied on the basis that the penalty statute
did not apply to these plaintiffs and there-
fore the plaintiffs could prove at trial that
they are entitled to the refund relief they
seek.  Order of April 9, 1985.  On its own
motion, the court invited the parties to
brief whether the plaintiffs in Fuller, Sam-
ski, and Jolly should be granted summary
judgment, on the basis that the penalty
statute does not apply to them.  That mo-
tion is disposed of in this order.

I

STANDARDS

SUMMARY
JUDGMENT

The plaintiffs are entitled to summary
judgment on their refund claim if there is
no genuine dispute as to any material fact
and if, upon the undisputed facts, plaintiffs
are entitled to judgment as a matter of law.
Fed.R.Civ.P. 56(c); Poller v. Columbia
Broadcasting System, Inc., 368 U.S. 464,
468, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962);
Retail Clerks Union Local 648 v. Hub
Pharmacy, Inc., 707 F.2d 1030, 1033 (9th
Cir.1983).  Since, as to the issue tendered,

1. The Government previously moved to dismiss
Samski on the basis that plaintiff's refund was

not timely filed with the IRS. The motion was
denied. See Order, May 23, 1985, at 1055-56.

§ 601.106                                26 CFR Ch. I (4–1–03 Edition)

issue with respect to both the Appeals and Counsel cases. If settlement of the docketed case requires approval by regional counsel or Chief Counsel, the final decision with respect to the issues under the jurisdiction of both Appeals and Counsel will be made by regional counsel or Chief Counsel. See Rev. Proc. 79–59.

(g) Cases classified as "Small Tax" cases by the Tax Court are given expeditious consideration because such cases are not included on a Trial Status Request. These cases are considered by the Court as ready for placing on a trial calendar as soon as the answer has been filed and are given priority by the Court for trial over other docketed cases. These cases are designated by the Court as small tax cases upon request of petitioners and will include letter "S" as part of the docket number.

(e) *Transfer and centralization of cases.* (1) An Appeals office is authorized to transfer settlement jurisdiction in a non-docketed case or in an excise or employment tax case to another region, if the taxpayer resides in and the taxpayer's books and records are located (or can be made available) in such other region. Otherwise, transfer to another region requires the approval of the Director of the Appeals Division.

(2) An Appeals office is authorized to transfer settlement jurisdiction in a docketed case to another region if the location for the hearing by the Tax Court has been set in such other region, except that if the place of hearing is Washington, DC, settlement jurisdiction shall not be transferred to the region in which Washington, DC, is located unless the petitioner resides in and the petitioner's books and records are located (or can be made available) in that region. Otherwise, transfer to another region requires the approval of the Director of the Appeals Division. Likewise, the Chief Counsel has corresponding authority to transfer the jurisdiction, authority, and duties of the regional counsel for any region to the regional counsel of another region within which the case has been designated for trial before the Tax Court.

(3) Should a regional commissioner determine that it would better serve the interests of the Government, he or she may, by order in writing, withdraw any case not docketed before the Tax Court from the jurisdiction of the Appeals office, and provide for its disposition under his or her personal direction.

(f) *Conference and practice requirements.* Practice and conference procedure before Appeals is governed by Treasury Department Circular 230 as amended (31 CFR Part 10), and the requirements of Subpart E of this part. In addition to such rules but not in modification of them, the following rules are also applicable to practice before Appeals:

(1) *Rule I.* An exaction by the U.S. Government, which is not based upon law, statutory or otherwise, is a taking of property without due process of law, in violation of the Fifth Amendment to the U.S. Constitution. Accordingly, an Appeals representative in his or her conclusions of fact or application of the law, shall hew to the law and the recognized standards of legal construction. It shall be his or her duty to determine the correct amount of the tax, with strict impartiality as between the taxpayer and the Government, and without favoritism or discrimination as between taxpayers.

(2) *Rule II.* Appeals will ordinarily give serious consideration to an offer to settle a tax controversy on a basis which fairly reflects the relative merits of the opposing views in light of the hazards which would exist if the case were litigated. However, no settlement will be made based upon nuisance value of the case to either party. If the taxpayer makes an unacceptable proposal of settlement under circumstances indicating a good faith attempt to reach an agred disposition of the case on a basis fair both to the Government and the taxpayer, the Appeals official generally should give an evaluation of the case in such a manner as to enable the taxpayer to ascertain the kind of settlement that would be recommended for acceptance. Appeals may defer action on or decline to settle some cases or issues (for example, issues on which action has been suspended nationwide) in order to achieve greater uniformity and enhance overall voluntary compliance with the tax laws.

| | |
|---|---|
| 28 USC 3001 | Sec. 3001. Applicability of chapter<br><br>(a) In General.--Except as provided in subsection (b), the \1\ chapter provides **the exclusive civil procedures** for the United States--<br>------------------------------------------------------------------------<br>\1\ So in original. Probably should be ``this''.<br>------------------------------------------------------------------------<br>(1) to recover a judgment on a debt; or<br>(2) to obtain, before judgment on a claim for a debt, a remedy in connection with such claim. |
| 28 USC 3002 | Sec. 3002. Definitions<br><br>As used in this chapter:<br>(3) ``Debt'' means--<br>(A) an amount that is owing to the United States on account of a direct loan, or loan insured or guaranteed, by the United States; or<br>(B) an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, **penalty**, restitution, damages, interest, **tax**, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States, but that is not owing under the terms of a contract originally entered into by only persons other than the United States; |
| 28 USC 3102 | Sec. 3102. Attachment<br><br>(a) Property Subject to Attachment.--(1) Any property in the possession, custody, or control of the debtor and in which the debtor has a substantial nonexempt interest, except earnings, may be attached pursuant to a **writ of attachment** in an action or proceeding against a debtor on a claim for a debt and may be held as security to satisfy such judgment, and interest and costs, as the United States may recover on such claim. |
| 28 USC 3102 | Sec. 3102. Attachment<br><br>(c) Issuance of Writ; Contents.--(1) Subject to subsections (a) and (b), a **writ of attachment** shall be issued by the court directing the **United States marshal** of the district where property described in subsection (a) is located to attach the property.<br><br>(d) Levy of Attachment.--(1) The **United States marshal** receiving the writ shall proceed without delay to levy upon the property specified for attachment if found within the district. The marshal may not sell property unless ordered by the court. |
| 28 USC 3104 | Sec. 3104. Garnishment<br><br>(a) In General.--If the requirements of section 3101 are satisfied, a court may issue a **writ of garnishment** against property (excluding earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor in order to satisfy a claim for a debt. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located. A court may issue simultaneous separate writs of garnishment to several garnishees. A writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in section 3205(c)(10).<br>(b) Writ.--(1) Subsections (b)(2) and (c) of section 3205 shall apply with respect to garnishment under this section, except that for purposes of this section--<br>(A) earnings of the debtor shall not be subject to garnishment; and<br>(B) a reference in such subsections to a judgment debtor shall be deemed to be a reference to a debtor.<br>(2) The United States shall include in its application for a writ of garnishment--<br>(A) the amount of the claim asserted by the United States for a debt; and<br>(B) the date the writ is issued. |



# LII
### legal information institute

collection home    tell me more    search                    lii home

# Parallel authorities for 26 USC 6331 (from CFR)

*[NB: because this service is automated, and the information it uses relatively volatile, this listing may not be complete and is presented for reference only. You may want to consult the House of Representatives parallel table of authorities for a complete listing.]*

- 27 CFR part 70

© copyright                         about us                         send email

# N1ERNAL REVENUE.

(T. D. 1995.)

*Assessed taxes—Notice and demand, Form 17.*

Notice of and demand for assessed taxes to be issued promptly to secure tax lien, penalty, and interest in case of nonpayment.

TREASURY DEPARTMENT,
OFFICE OF COMMISSIONER OF INTERNAL REVENUE,
*Washington, D. C., June 12, 1914.*

*To collectors of internal revenue:*

It appears that certain collectors hold that notice of assessment and demand, Form 17, is not necessary to create a liability to 5 per cent penalty and interest at 1 per cent per month in the case of income tax remaining unpaid after June 30 or other due date. This view as to the requirements of the law is clearly wrong and contrary to the instructions (art. 197, Regs., 33) issued on the subject.

The necessity of issuing Form 17 is twofold —first, to determine the date when 5 per cent penalty accrues and interest at 1 per cent per month begins to run, and, second, to complete the Government's lien on property belonging to the taxpayer.

In special excise and income-tax assessments a notice on Form 647 is required to be given in all cases where the required return is filed in due time. This, however, is simply a preliminary notice of assessment, to be followed, in case of nonpayment, by a formal notice and demand which the law clearly contemplates and which the courts hold to be necessary before the delinquent taxpayer becomes chargeable with penalty and interest.

In all cases, therefore, where an assessed tax remains unpaid after it becomes due a notice on Form 17 should be at once issued, to be followed, when necessary, by Forms 21 and 69, in their order. The fact that a claim for abatement is pending or the tax is in litigation does not relieve the collector from issuing the notices, demands, etc., required by law.

A misunderstanding on the part of certain collectors as to these requirements has occasioned a considerable loss to the Government of penalty and interest, especially where claims for abatement were pending.

W. H. OSBORN,
*Commissioner of Internal Revenue.*

# AFFIDAVIT

Be it acknowledged, that I Ellen M. McCurdy of Scituate, Massachusetts, the undersigned deponent, being of legal age, does hereby depose as follows:

Deponent did not receive the "Statutory Notice of Balance Due" [Form or Letter Number unknown] dated 11-24-2003 as shown on the Form 4340 for tax years ending 2001 and 2002.

Deponent did not receive a statutory Form 17A, Notice and Demand for Payment, pursuant to 26 USC 6331 in connection with civil penalties for tax years ending 2001 and 2002.

I affirm that the foregoing is true and correct to the best of my knowledge.

Pursuant to 28 USC 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on 27 September 2004

Ellen M. McCurdy
P.O. Box 36
N. Scituate, Mass. 02060

**EXHIBIT – J**

# PARALLEL TABLE OF AUTHORITIES AND RULES

---

The following table lists rulemaking authority (except 5 U.S.C. 301) for regula-tions codified in the *Code of Federal Regulations*. Also included are statutory cita-tions which are noted as being interpreted or applied by those regulations.

The table is divided into four segments: United States Code citations, United States Statutes at Large citations, public law citations, and Presidential docu-ment citations. Within each segment the citations are arranged in numerical order:

For the United States Code, by title and section;

For the United States Statutes at Large, by volume and page number;

For public laws, by number; and

For Presidential documents (Proclamations, Executive orders, and Reorganiza-tion plans), by document number.

Entries in the table are taken directly from the rulemaking authority citation provided by Federal agencies in their regulations. Federal agencies are respon-sible for keeping these citations current and accurate. Because Federal agencies sometimes present these citations in an inconsistent manner, the table cannot be considered all-inclusive.

The portion of the table listing the United States Code citations is the most comprehensive, as these citations are entered into the table whenever they are given in the authority citations provided by the agencies. United States Statutes at Large and public law citations are carried in the table only when there are no corresponding United States Code citations given.

This table is revised as of January 1, 2003.

**EXHIBIT – K**

**Authorities**

| 25 U.S.C.—Continued | CFR |
| --- | --- |
| | 573, 575, 577 |
| 2708 | 25 Part 514 |
| 2710 | 25 Parts 290, 501, 514, 518, 522—524, 531, 533, 535, 537, 539, 556, 558, 571 |
| 2711 | 25 Parts 531, 533, 535, 537, 539 |
| 2712 | 25 Parts 522—524, 556, 558 |
| 2713 | 25 Parts 513, 573, 575, 577 |
| 2715 | 25 Parts 571, 573, 575, 577 |
| 2716 | 25 Part 571 |
| 2717 | 25 Part 514 |
| 2717a | 25 Part 514 |
| 2802 | 25 Parts 10, 12 |
| 2901 | 25 Part 36 |
| 3101—3120 | 25 Part 163 |
| 3201 et seq | 25 Part 63 |
| 3201—3211 | 42 Part 36 |
| 3701—3703 | 25 Parts 162, 166 |
| 3711—3714 | 25 Part 166 |
| 3713—3715 | 25 Part 162 |
| 3731 | 25 Part 162 |
| 3731—3734 | 25 Part 166 |
| 3733 | 25 Part 162 |
| 3741—3745 | 25 Part 166 |
| 4001 | 25 Part 1200 |
| 4101 et seq. | 24 Part 985 |
| **26 U.S.C. (1939 I.R.C.)** | |
| 40 | 26 Part 1 |
| 62 | 26 Parts 509, 513, 514, 520, 521 |
| 143—144 | 26 Part 521 |
| 211 | 26 Part 521 |
| 231 | 26 Part 521 |
| 2706 | 25 Part 516 |
| 2710 | 25 Parts 291 |
| 2716 | 25 Part 516 |
| 3791 | 26 Parts 509, 520 |
| **26 U.S.C. (1986 I.R.C.)** | |
| 1 | 26 Parts 1, 301 |
| 23 | 26 Part 1 |
| 25 | 26 Part 1 |
| 28 | 26 Part 1 |
| 30 | 26 Part 1 |
| 38 | 26 Part 1 |
| 41 | 26 Part 301 |
| 42 | 26 Parts 1, 301 |
| 43 | 26 Part 1 |
| 45D | 26 Part 1 |
| 46 | 26 Part 1 |
| 47 | 26 Part 1 |
| 48 | 25 Part 275 |
| 48g | 36 Part 67 |
| 52 | 26 Part 1 |
| 56 | 26 Part 1 |
| 58 | 26 Part 1 |
| 61 | 7 Part 3 |
| | 26 Part 1 |
| 62 | 26 Parts 1, 31 |
| 67 | 26 Part 1 |
| 72 | 26 Part 1 |
| 101 | 26 Part 1 |
| 103 | 26 Parts 1, 5f |
| 103A | 26 Parts 1, 6a |
| 103A-2 | 26 Part 6a |
| 108 | 26 Part 1 |
| 110 | 26 Part 1 |
| 118 | 26 Part 1 |

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
| --- | --- |
| 121 | 26 Part 301 |
| 125 | 5 Part 892 |
| 126 | 7 Part 14 |
| | 26 Part 16a |
| 129 | 26 Part 1 |
| 132 | 26 Parts 1, 54 |
| 141 note | 31 Part 344 |
| 142 | 26 Part 301 |
| 148 | 26 Part 1 |
| 149 | 26 Part 1 |
| 150 | 26 Part 1 |
| 163 | 26 Part 5f |
| 165 | 26 Part 1, 301 |
| 166 | 26 Part 1 |
| 167 | 26 Part 12 |
| 168 | 26 Parts 1, 5c |
| 169—170 | 40 Part 20 |
| 170 | 26 Part 1 |
| | 36 Part 67 |
| 171 | 26 Part 1 |
| 179 | 26 Part 1 |
| 179A | 26 Part 1 |
| 216 | 26 Part 1 |
| 219 | 26 Part 301 |
| 220 | 31 Part 346 |
| 245 | 26 Part 301 |
| 263 | 26 Parts 12 |
| 263A | 26 Parts 1, 301 |
| 267 | 26 Part 1 |
| 274 | 26 Part 1 |
| 280C | 26 Part 1 |
| 280F | 26 Part 1 |
| 301 | 26 Part 1 |
| 304 | 26 Part 1 |
| 305 | 26 Part 1 |
| 337 | 26 Part 1 |
| 338 | 26 Part 1 |
| 351 | 26 Part 1 |
| 355 | 26 Part 1 |
| 357 | 26 Part 1 |
| 367 | 26 Parts 1, 7 |
| 382 | 26 Part 1 |
| 383 | 26 Part 1 |
| 401 | 26 Part 1 |
| 408A | 26 Part 1 |
| 410—414 | 29 Part 2530 |
| 410 | 26 Part 1 |
| 411 | 26 Part 1 |
| 414 | 26 Part 1 |
| 417 | 26 Part 1 |
| 420 | 26 Part 1 |
| 422 | 26 Part 48 |
| 441 | 26 Part 1 |
| 444 | 26 Part 1 |
| 446 | 26 Part 1 |
| 453 | 26 Parts 1, 15a |
| 453A | 26 Part 1 |
| 458 | 26 Part 1 |
| 460 | 26 Parts 1, 301 |
| 461 | 26 Part 1 |
| 465—467 | 26 Part 1 |
| 468A | 26 Part 1 |
| 468B | 26 Part 1 |
| 469 | 26 Part 1 |
| 471 | 26 Part 1 |
| 472 | 26 Part 1 |

# CFR Index

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|
| 475 | 26 Part 1 |
| 481—483 | 26 Part 1 |
| 501 | 32 Part 736 |
|  | 34 Part 73 |
|  | 46 Part 502 |
| 504 | 26 Part 1 |
| 514 | 26 Part 1 |
| 527 | 26 Part 1 |
| 585 | 26 Part 1 |
| 597 | 26 Parts 1, 301 |
| 642 | 26 Part 1 |
| 643 | 26 Parts 1, 301 |
| 663 | 26 Part 1 |
| 664 | 26 Part 1 |
| 672 | 26 Part 1 |
| 679 | 26 Part 1 |
| 684 | 16 Part 1 |
| 701—761 | 26 Part 1 |
| 809 | 26 Part 1 |
| 831 | 26 Part 301 |
| 832 | 26 Part 301 |
|  | 31 Part 343 |
| 835 | 26 Part 301 |
| 845 | 26 Part 1 |
| 846 | 26 Part 1 |
| 848 | 26 Part 1 |
| 852 | 26 Part 1 |
| 860 | 26 Part 55 |
| 860E | 26 Part 1 |
| 860G | 26 Part 1 |
| 863—865 | 26 Part 1 |
| 865 | 26 Part 301 |
| 874 | 26 Part 1 |
| 882 | 26 Part 1 |
| 884 | 26 Part 1 |
| 892 | 26 Part 1 |
| 894 | 26 Part 1 |
| 902 | 26 Part 1 |
| 904 | 26 Parts 1, 301 |
| 907 | 26 Part 1 |
| 911 | 26 Part 1 |
| 924 | 26 Part 1 |
| 925 | 26 Part 1 |
| 927 | 26 Part 1 |
| 936 | 26 Part 1 |
| 954 | 26 Parts 1, 4 |
| 957 | 26 Part 1 |
| 960 | 26 Part 1 |
| 985 | 26 Part 1 |
| 987 | 26 Part 1 |
| 988 | 26 Part 1 |
| 989 | 26 Part 1 |
| 1032 | 26 Part 1 |
| 1043 | 5 Part 2634 |
| 1059 | 26 Part 1 |
| 1060 | 26 Part 1 |
| 1092 | 26 Part 1 |
| 1202 | 26 Part 1 |
| 1221 | 26 Part 1 |
| 1244 | 26 Part 1 |
| 1254 | 26 Part 1 |
| 1255 | 7 Part 14 |
| 1274A | 26 Part 1 |
| 1275 | 26 Part 1 |
| 1286 | 26 Part 1 |
| 1291 | 26 Part 1 |

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|
| 1293 | 26 part 1 |
| 1295 | 26 part 1 |
| 1296 | 26 Part 1 |
| 1301 | 26 Part 1 |
| 1361 | 26 Part 1 |
| 1368 | 26 Part 1 |
| 1374 | 26 Part 1 |
| 1377 | 26 Part 1 |
| 1391 et seq | 7 Part 25 |
| 1391 | 24 Parts 597, 598 |
| 1397D | 7 Part 3401 |
|  | 26 Part 1 |
| 1397E | 26 Part 1 |
| 1397E–1 | 26 Part 1 |
| 1441 | 26 Parts 1, 31 |
| 1443 | 26 Part 1 |
| 1445 | 26 Part 1 |
| 1502—1504 | 26 Part 1 |
| 2056 | 26 Part 301 |
| 2056A | 26 Part 301 |
| 2523 | 26 Part 301 |
| 2518 | 26 Part 25 |
| 2632 | 26 Part 26 |
| 2662 | 26 Part 26 |
| 2663 | 26 Part 26 |
| 3121 | 26 Parts 31, 32, 36 |
| 3127 | 26 Part 301 |
| 3231 | 26 Part 32 |
| 3301 et seq | 20 Part 601 |
| 3304 | 20 Parts 604, 616 |
| 3306 | 20 Part 604 |
| 3309—3311 | 20 Part 601 |
| 3401—3402 | 26 Part 31 |
| 3401 | 26 Part 1 |
| 3405 | 26 Part 35 |
| 3406 | 26 Parts 31, 35a |
| 4041 | 26 Part 48 |
| 4051—4052 | 26 Parts 48, 145 |
| 4051 | 26 Part 41 |
| 4061 | 26 Parts 48, 142 |
| 4064 | 26 Part 48 |
| 4071 | 26 Part 48 |
| 4073 | 26 Part 48 |
| 4081 | 26 Part 48 |
| 4082 | 26 Part 48 |
| 4083 | 26 Part 48 |
| 4101 | 26 Part 48 |
| 4181—4182 | 27 Parts 53, 70 |
| 4216—4219 | 27 Part 53 |
| 4221—4223 | 27 Part 53 |
| 4222 | 26 Part 48 |
| 4225 | 27 Part 53 |
| 4251 | 26 Part 49 |
| 4293 | 26 Part 48 |
| 4374 | 26 Parts 46, 47 |
| 4461 | 19 Part 24 |
| 4462 | 19 Part 24 |
| 4482—4483 | 26 Part 41 |
| 4483 | 26 Part 48 |
| 4493 | 26 Part 154 |
| 4662 | 26 Part 52 |
| 4682 | 26 Part 52 |
| 4854 | 7 Part 28 |
| 4943 | 26 Part 53 |
| 4975 | 26 Part 54 |
| 4980B | 26 Part 54 |

# Authorities

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
| --- | --- |
| 4981A | 26 Part 54 |
| 4989 | 26 Part 150 |
| 4992 | 26 Part 51 |
| 5001—5002 | 27 Parts 19, 194 |
| 5001 | 27 Parts 18, 20, 22, 24, 26, 251—252 |
| 5002 | 27 Parts 25, 29 |
| 5004—5006 | 27 Part 19 |
| 5007—5008 | 27 Parts 26, 252 |
| 5007 | 19 Part 24 |
| 5008 | 27 Parts 19, 24 |
| 5010 | 27 Parts 17, 19, 26, 251 |
| 5041—5042 | 27 Part 24 |
| 5041 | 27 Parts 19, 26, 252 |
| 5044 | 27 Part 24 |
| 5051—5054 | 27 Part 25 |
| 5051 | 27 Parts 26, 251—252 |
| 5053 | 27 Part 252 |
| 5054 | 19 Part 24 |
| | 27 Part 24 |
| 5055—5056 | 27 Part 252 |
| 5056 | 27 Part 25 |
| 5061—5062 | 27 Parts 19, 24 |
| 5061 | 19 Part 24 |
| | 27 Parts 25—26, 251—252 |
| 5062 | 27 Part 30 |
| 5066 | 27 Part 19 |
| 5081 | 27 Parts 19, 24, 26 |
| 5091 | 27 Part 25 |
| 5101 | 27 Parts 19, 29 |
| 5102 | 27 Part 29 |
| 5111—5117 | 27 Part 194 |
| 5111—5113 | 27 Parts 19, 24 |
| 5111—5112 | 27 Parts 26, 251—252 |
| 5111 | 27 Part 25 |
| 5113 | 27 Part 25 |
| 5114 | 27 Parts 26, 251—252 |
| 5121—5124 | 27 Part 194 |
| 5121—5122 | 27 Parts 24, 26, 251 |
| 5121 | 27 Part 22 |
| 5122 | 27 Part 252 |
| 5124 | 27 Parts 26, 251—252 |
| 5131—5134 | 27 Parts 17, 26 |
| 5141 | 27 Part 26 |
| 5142—5143 | 27 Parts 19, 22, 24, 44, 25, 194, 270 |
| 5143 | 27 Part 17 |
| 5145—5146 | 27 Part 194 |
| 5146 | 27 Parts 17, 19, 22, 25—26, 44, 70, 270 |
| 5171—5173 | 27 Parts 18—19 |
| 5171 | 27 Part 71 |
| 5173 | 27 Part 24 |
| 5175—5177 | 27 Part 252 |
| 5175—5176 | 27 Part 19 |
| 5178—5181 | 27 Part 19 |
| 5178—5179 | 27 Part 18 |
| 5179 | 27 Part 29 |
| 5181 | 27 Part 71 |
| 5201—5204 | 27 Part 19 |
| 5201 | 27 Part 251 |
| 5203 | 27 Parts 18, 70 |
| 5204—5207 | 27 Part 252 |
| 5204 | 27 Part 30 |
| 5205 | 27 Parts 251, 252 |
| 5206—5207 | 27 Parts 19, 194 |
| 5206 | 27 Parts 17, 20, 22, 24 |
| 5207 | 27 Parts 26, 70, 251—252 |

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
| --- | --- |
| 5211—5215 | 27 Part 19 |
| 5211 | 27 Part 30 |
| 5214—5215 | 27 Part 24 |
| 5214 | 27 Parts 20, 22 |
| 5221—5223 | 27 Part 19 |
| 5222 | 27 Part 25 |
| 5231—5232 | 27 Part 19 |
| 5232 | 27 Parts 26, 251—252 |
| 5235—5236 | 27 Part 19 |
| 5237 | 27 Part 251 |
| 5241—5243 | 27 Part 19 |
| 5242 | 27 Part 21 |
| 5271—5275 | 27 Parts 20, 22 |
| 5271 | 27 Parts 19, 26, 71 |
| 5273 | 27 Parts 17, 19, 252 |
| 5274 | 27 Part 71 |
| 5275 | 27 Parts 20, 70 |
| 5276 | 27 Parts 22, 26 |
| 5291 | 27 Part 29 |
| 5301 | 27 Parts 5, 13, 19, 26, 194, 251—252 |
| 5311—5313 | 27 Part 19 |
| 5311 | 27 Parts 20, 22 |
| 5313 | 27 Parts 251, 252 |
| 5314 | 27 Part 26 |
| 5351 | 27 Parts 18, 24 |
| 5352 | 27 Part 194 |
| 5353—5354 | 27 Part 24 |
| 5354 | 27 Parts 18, 252 |
| 5356 | 27 Part 18 |
| 5356—5357 | 27 Part 24 |
| 5361—5362 | 27 Part 24 |
| 5362 | 27 Parts 19, 252 |
| 5364—5373 | 27 Part 24 |
| 5367 | 27 Parts 70, 252 |
| 5370—5371 | 27 Part 252 |
| 5370 | 27 Part 19 |
| 5373 | 27 Part 19 |
| 5381—5388 | 27 Part 24 |
| 5391—5392 | 27 Part 24 |
| 5401—5403 | 27 Part 25 |
| 5401 | 27 Part 252 |
| 5411—5417 | 27 Part 25 |
| 5415 | 27 Parts 70, 252 |
| 5501—5505 | 27 Part 19 |
| 5504 | 27 Part 70 |
| 5511 | 27 Parts 18, 24 |
| 5551—5555 | 27 Part 19 |
| 5551—5552 | 27 Parts 24, 25, 252 |
| 5552 | 27 Parts 18, 20, 22 |
| 5555—5556 | 27 Part 25 |
| 5555 | 27 Parts 20, 22, 26, 70, 194, 251—252 |
| 5559 | 27 Part 19 |
| 5561—5562 | 27 Part 19 |
| 5601 | 27 Parts 19, 29 |
| 5607 | 27 Part 20 |
| 5612 | 27 Part 19 |
| 5613 | 27 Part 194 |
| 5615 | 27 Part 29 |
| 5661—5662 | 27 Part 24 |
| 5671 | 27 Part 25 |
| 5673 | 27 Part 25 |
| 5681 | 27 Part 194 |
| 5682 | 27 Part 19 |
| 5684 | 27 Parts 24, 25, 70 |
| 5687 | 27 Part 29 |
| 5688 | 19 Part 162 |

## CFR Index

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|
| 5691 | 27 Part 194 |
| 5701 | 27 Parts 44, 270, 275 |
| 5703—5705 | 27 Parts 44, 45, 270, 275 |
| 5704 | 27 Part 46 |
| 5707 | 27 Part 270 |
| 5708 | 27 Parts 46, 275, 296 |
| 5711—5713 | 27 Parts 44, 270 |
| 5712—5713 | 27 Parts 71, 275 |
| 5721—5723 | 27 Parts 44, 270, 275 |
| 5723 | 27 Part 45 |
| 5731 | 27 Parts 44, 270 |
| 5741 | 27 Parts 44, 45, 70, 270, 275 |
| 5751 | 27 Parts 44—46, 270, 296 |
| 5753 | 26 Part 127 |
| | 27 Part 270 |
| 5754 | 27 Parts 44, 46, 275 |
| 5761—5763 | 27 Parts 46, 270, 275, 296 |
| 5761—5762 | 27 Part 270 |
| 5761 | 27 Part 270 |
| 5762—5763 | 27 Part 45 |
| 5801 et seq | 27 Part 179 |
| 5802 | 27 Part 70 |
| 6001 | 26 Parts 1, 31, 55, 156 |
| | 27 Parts 19, 26, 46, 53, 194, 296 |
| 6011 | 26 Parts 31, 40, 55, 156, 301 |
| | 27 Parts 25, 53, 194 |
| 6020 | 27 Parts 53, 70 |
| 6021 | 27 Parts 53, 70 |
| 6031 | 26 Part 1 |
| 6035 | 26 Part 1 |
| 6036 | 26 Part 301 |
| 6038—6038B | 26 Part 1 |
| 6041 | 26 Part 1 |
| 6045 | 26 Parts 1, 5f |
| 6046A | 26 Part 1 |
| 6047 | 26 Part 35 |
| 6049 | 26 Part 1 |
| 6050E | 26 Part 1 |
| 6050H—6050I-1 | 26 Part 1 |
| 6050K | 26 Part 1 |
| 6050M | 26 Parts 1, 301 |
| 6050P | 26 Part 1 |
| 6050S | 26 Part 1 |
| 6051 | 26 Part 31 |
| 6056 | 27 Part 22 |
| 6060 | 26 Part 1 |
| 6061 | 26 Parts 1, 156, 301 |
| | 27 Parts 22, 25, 44, 53, 194, 270 |
| 6064 | 27 Part 70 |
| 6065 | 26 Part 1 |
| | 27 Parts 17—20, 22, 24, 25, 44, 194, 252, 270 |
| 6071 | 26 Parts 31, 40, 55, 154, 156 |
| | 27 Parts 53, 194 |
| 6081 | 26 Parts 1, 31, 301 |
| | 27 Part 53 |
| 6090 | 26 Part 43 |
| 6091 | 26 Parts 40, 44, 46, 55, 156 |
| | 27 Parts 17, 24, 25, 53, 194 |
| 6101—6104 | 27 Part 53 |
| 6101 | 26 Part 40 |
| 6102 | 27 Part 70 |
| 6103 | 20 Part 401, 402 |
| | 26 Part 301 |
| | 42 Part 401 |
| 6104 | 26 Part 301 |
| 6109 | 26 Parts 40, 150, 301 |
| | 27 Parts 17, 19, 22, 24, 25, 53, 194, 270 |
| 6111 | 26 Part 301 |
| 6112 | 26 Part 301 |
| 6114 | 26 Part 301 |
| 6151 | 27 Parts 17, 22, 25, 44, 53, 194, 270 |
| 6155 | 27 Parts 53, 70 |
| 6157 | 26 Part 31 |
| 6159 | 27 Part 70 |
| 6161 | 26 Part 156 |
| | 27 Part 53 |
| 6201 | 27 Part 70 |
| 6203—6204 | 27 Part 70 |
| 6205 | 26 Part 31 |
| 6223 | 26 Part 301 |
| 6230 | 26 Part 301 |
| 6231 | 26 Part 301 |
| 6232 | 26 Parts 41, 150 |
| 6233 | 26 Part 301 |
| 6241 | 26 Part 301 |
| 6245 | 26 Part 301 |
| 6301—6303 | 27 Part 53 |
| 6301—6302 | 27 Parts 24—26, 270, 275 |
| 6301 | 27 Part 70 |
| 6302 | 26 Parts 1, 20, 25, 31, 40 |
| | 27 Parts 19, 251 |
| | 31 Parts 203, 214 |
| 6303 | 27 Part 70 |
| 6311 | 26 Part 301 |
| | 27 Parts 19, 24, 25, 53, 70, 194, 270 |
| 6313—6314 | 27 Part 70 |
| 6313 | 27 Parts 25, 45, 270, 275 |
| 6314 | 27 Part 194 |
| 6321 | 27 Part 70 |
| 6323 | 27 Part 70, 301 |
| 6325 | 26 Part 401 |
| | 27 Part 70 |
| 6326 | 26 Part 301 |
| | 27 Part 70 |
| 6331—6343 | 27 Part 70 |
| 6343 | 26 Part 301 |
| 6401—6404 | 27 Part 70 |
| 6402 | 10 Part 16 |
| | 12 Part 1730 |
| | 26 Parts 1, 301 |
| | 27 Parts 17, 25, 44, 53, 194, 270 |
| | 31 Part 285 |
| 6404 | 26 Part 301 |
| | 27 Parts 44, 53, 270, 275 |
| 6407 | 27 Part 70 |
| 6411 | 26 Parts 1, 301 |
| 6416 | 27 Parts 53, 70 |
| 6423 | 19 Part 24 |
| | 27 Parts 70, 270 |
| 6426 | 26 Part 154 |
| 6427 | 26 Part 48 |
| 6501—6503 | 27 Part 70 |
| 6511 | 27 Parts 17, 70, 194 |
| 6513—6514 | 27 Part 70 |
| 6532 | 27 Part 70 |
| 6601—6602 | 27 Part 70 |
| 6601 | 27 Parts 46, 194, 296 |
| 6611 | 27 Part 70 |
| 6621—6622 | 27 Parts 46, 70, 296 |
| 6621 | 27 Part 194 |
| 6651 | 27 Parts 24, 25, 70, 194 |

# Authorities

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|
| 6653 | 27 Part 70 |
| 6656—6858 | 27 Part 70 |
| 6656 | 27 Part 25 |
| 6657 | 27 Part 194 |
| 6662 | 26 Part 1 |
| 6665 | 27 Part 70 |
| 6671—6672 | 27 Part 70 |
| 6676 | 27 Parts 19, 24, 25, 270 |
| 6689 | 26 Part 301 |
| 6695 | 26 Part 1 |
| 6701 | 27 Part 70 |
| 6723 | 27 Part 70 |
| 6801 | 27 Part 70 |
| 6804 | 27 Part 250 |
| 6806 | 27 Parts 19, 22, 25, 44, 270 |
| 6851 | 26 Part 1 |
| 6862—6863 | 27 Part 70 |
| 6901 | 27 Part 70 |
| 7011 | 27 Parts 17, 19, 22, 24, 25, 44, 70, 194, 270 |
| 7025 | 27 Part 197 |
| 7101—7102 | 27 Part 26 |
| 7101 | 27 Parts 70, 72, 275 |
| 7102 | 27 Parts 26, 70 |
| 7121—7122 | 27 Part 70 |
| 7207 | 27 Part 70 |
| 7209 | 27 Part 70 |
| 7212 | 27 Parts 44—46, 270, 275, 296 |
| 7213 | 27 Part 17 |
| 7214 | 5 Part 3101 |
|  | 27 Part 70 |
| 7216 | 26 Part 301 |
| 7302 | 27 Parts 24, 252 |
| 7304 | 27 Part 70 |
| 7322—7326 | 27 Part 72 |
| 7325 | 27 Part 270 |
| 7326 | 27 Part 72 |
| 7327 | 27 Part 72 |
| 7342 | 27 Parts 24, 25, 44—46, 270, 275, 296 |
| 7401 | 27 Part 70 |
| 7403 | 27 Part 70 |
| 7406 | 27 Part 70 |
| 7423—7426 | 27 Part 70 |
| 7429—7430 | 27 Part 70 |
| 7432 | 27 Part 70 |
| 7502—7503 | 27 Parts 24, 70, 270 |
| 7502 | 26 Part 301 |
|  | 27 Part 53 |
| 7505—7506 | 27 Part 70 |
| 7508 | 26 Part 301 |
| 7508A | 26 Part 301 |
| 7510 | 27 Part 19 |
| 7513 | 27 Part 70 |
| 7520 | 26 Parts 1, 20, 25, 301 |
| 7601—7606 | 27 Part 70 |
| 7602 | 27 Parts 29, 46, 296 |
| 7606 | 27 Parts 24, 25, 44—46, 270, 275, 296 |
| 7608 | 27 Parts 70, 296 |
| 7609 | 27 Part 70 |
| 7610 | 27 Part 70 |
| 7622—7623 | 27 Part 70 |
| 7624 | 26 Part 301 |
| 7651 et seq | 40 Part 76 |
| 7651—7652 | 27 Parts 26, 275 |
| 7652 | 27 Parts 17, 275 |
| 7653 | 27 Part 70 |

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|
| 7701 | 26 Parts 1, 31, 301 |
| 7804 note | 26 Part 801 |
| 7805 | 19 Parts 1, 24, 301, 602 |
|  | 20 Part 615 |
|  | 26 Parts 1—5, 5c, 5e, 6a, 7, 8, 9, 11—13, 14a, 15, 15a, 16, 16a, 17—20, 22, 25, 26, 27, 31, 32, 35, 35a, 36, 40, 41, 43—49, 52—55, 141, 143, 145, 148, 156, 301—303, 305, 400, 401, 403, 404, 420, 502, 503, 509, 514, 516, 517, 601, 602, 701, 702 |
|  | 27 Parts 3, 5, 13, 17—22, 24—26, 29—30, 44—46, 70—72, 170, 179, 194, 250—252, 270, 275, 296 |
| 7851 | 27 Part 24 |
| 9002 | 11 Part 9002 |
| 9003 | 11 Parts 9003, 9033 |
| 9004 | 11 Part 9004 |
| 9005 | 11 Part 9005 |
| 9006 | 11 Part 9005 |
| 9007 | 11 Parts 201, 9007 |
| 9008 | 11 Parts 201, 9008 |
| 9009 | 11 Parts 201, 9001—9008 |
| 9012 | 11 Part 9012 |
| 9031 | 11 Part 9031 |
| 9032 | 11 Part 9032 |
| 9033 | 11 Part 9033 |
| 9034 | 11 Part 9034 |
| 9035 | 11 Part 9035 |
| 9036 | 11 Part 9036 |
| 9037 | 11 Part 9037 |
| 9038 | 11 Parts 201, 9038 |
| 9039 | 11 Parts 201, 9031—9039 |
| 9801 | 26 Part 54 |
| 9806 | 26 Part 54 |
| 9833 | 26 Part 54 |

| 27 U.S.C. | |
|---|---|
| 202 | 27 Parts 6, 8, 10, 11 |
| 203—204 | 27 Part 1 |
| 203 | 27 Parts 26, 251—252 |
| 204 | 27 Part 71 |
| 205 | 27 Parts 4—13, 16, 26, 179, 197, 251—252 |
| 206 | 27 Part 1 |
| 211 | 27 Part 1 |
| 215 | 27 Part 16 |
| 218 | 27 Part 16 |

| 28 U.S.C. | |
|---|---|
| 50 | 32 Part 516 |
| 418 | 38 Part 3 |
| 503 | 28 Part 45 |
| 509—510 | 8 Parts 1—3 |
|  | 21 Part 1316 |
|  | 28 Parts 0, 1, 3, 5, 8, 9, 11, 14—17, 26, 29, 35, 37, 42, 46, 47, 48, 50, 51, 55, 58, 61, 71, 73, 76, 81, 500, 501, 503, 504, 511—513, 522—524, 527, 540—545, 547—550, 552, 553, 570—572, 600—603 |
|  | 48 Part 2819 |
| 509 | 28 Parts 27, 28, 36, 64, 80 |
| 510 | 28 Parts 27, 28, 36 |
|  | 48 Parts 2801—2810, 2812—2817, 2822, 2824, 2825, 2828—2835, 2845, 2852, 2870 |
| 513 | 32 Part 516 |
| 515—519 | 28 Parts 0, 17, 27 |
| 515 | 28 Parts 600—602 |

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Ellen M. McCurdy
P.O. Box 86
No. Scituate, Mass. 02060

**DEFENDANTS**

United States of America

(b) County of Residence of First Listed Plaintiff **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Ellen M. McCurdy, pro se
P.O. Box 86
No. Scituate, Mass. 02060

781-
545-
3654

Attorney's (If Known)

04 12460 RWZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | DEF | |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability — ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury — ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | — ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting — ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment — Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations — ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare — ☐ 535 Death Penalty | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights — ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | — ☐ 550 Civil Rights — ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

26 USC 6330 - Appeal of Collection Due Process Hearing regarding a penalty under 26 USC 6702.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
11-22-2004

SIGNATURE OF ATTORNEY OF RECORD
Ellen M. McCurdy pro se

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Ellen M. McCurdy v. United States of America**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

*Also complete AO 120 or AO 121
for patent, trademark or copyright cases

☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

☒ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

☐ V. 150, 152, 153.

04-12430

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)       YES ☐   NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?       YES ☐   NO ☒

YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐   NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

A. If yes, in which division do **all** of the non-governmental parties reside?       YES ☒   NO ☐

Eastern Division ☒       Central Division ☐       Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐       Central Division ☐       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)       YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  **Ellen M. McCurdy pro se**

ADDRESS  **P.O. Box 36, No. Scituate, Mass. 02060**

TELEPHONE NO.  **781-545-3654**

(Coversheetlocal.wpd - 10/17/02)