IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLEN M. MCCURDY, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Civil No. 04-12460-RWZ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Appellee. | ) |

<u>UNITED STATES' MEMORANDUM IN SUPPORT OF ITS' MOTION
TO DISMISS PURSUANT TO FED.R.CIV.PRO. 12(b)(6)</u>

The United States of America, by its undersigned counsel, submits this memorandum of law in support of its motion to dismiss.

**ISSUE PRESENTED**

Whether the proceeding should be dismissed as appellant has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) as appellant's complaint only sets forth arguments which have consistently been found to be frivolous by the courts.

**FACTS**

Appellant/Taxpayer seeks judicial review of the determination made by the IRS Appeals Office with respect to the collection of frivolous return penalties assessed against her by the IRS for tax years 2000 and 2001, pursuant to 26 U.S.C. § 6702.[1]

---

[1] Section 6702 of the Internal Revenue Code states:

(a)   CIVIL PENALTY. - If -

(1) any individual files what purports to be a return of
the tax imposed by subtitle A but which –

(A) does not contain information on which

- 2 -

Although the taxpayer submitted purported tax forms for these years, each return contained frivolous tax protestor arguments to support her claim that the income and liability for each year was zero.  See Complaint, Ex. A; Complaint, ¶ ¶ 20(S), 33, 34, 56(E)  (establishing appellant's belief that the tax system of the United States is voluntary and there are no statutory provisions which mandate participation in the system and the payment of taxes).  On November 24, 2003, the IRS assessed a frivolous return penalty in the amount of $500.00 against the taxpayer for each of the tax years 2000 and 2001.  See Complaint, Exs. H1 & H2.   The IRS sent Statutory Notices of Balance Due on the date the assessments were made.  See Complaint, Exs. H1 & H2.  The IRS sent final notices of intent to levy with regard to these two assessments on March 23, 2004.  See Complaint, Exs. B1 & B2.  The notice provided that the taxpayer could request Appeals consideration within thirty (30) days from the date of the letter.  See Complaint, Exs. B1 & B2.  Taxpayer requested a collection due

---

> the substantial correctness of the self-
> assessment may be judged; or
>
> (B) contains information that on its
> face indicates that the self-assessment
> is substantially incorrect; and
>
> (2) the conduct referred to in paragraph (1) is
> due to –
>
> (A)  a position which is frivolous; or
>
> (B) a desire (which appears on the purported
> return) to delay or impede the administration
> of Federal income tax laws,
>
> then such individual shall pay a penalty of $500.

process hearing (hereinafter "CDP hearing") on or about April 12, 2004. See Complaint, Ex. C1.

A CDP hearing was held on September 21, 2004. See Complaint, ¶ 22. During the CDP hearing, taxpayer asserted numerous arguments, all of which have been consistently found to be frivolous by the courts. See Complaint, ¶ 20; Ex. A.

On November 5, 2004, the IRS sent a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330." See Complaint, ¶ 42; Ex. A. The determination letter sustained the collection action proposed by the IRS and informed the taxpayer of her rights to appeal this decision within thirty (30) days of the letter by filing a complaint with the federal district court. Taxpayer timely brought this action on or about November 22, 2004, asserting the same frivolous arguments raised during the CDP hearing. As discussed more fully below, the taxpayer's claims must be dismissed as she fails to state a claim upon which relief can be granted.

## ARGUMENT

The appellant, Ellen McCurdy, seeks judicial review pursuant to 26 U.S.C. § 6330(d)(1) of the determination made by the Appeals Officer sustaining the Internal Revenue Service's proposed enforced action in order to satisfy Ms. McCurdy's past-due federal tax liabilities. In her complaint, the appellant asserts that the Internal Revenue Service has improperly assessed and attempted to collect the frivolous return penalty assessed against her because (1) there is no statute or regulation which authorizes the IRS to impose a frivolous filing penalty or that requires the appellant to pay it because 26 U.S.C. § 6702 "has no implementing regulation and is therefore benign;" (2) the IRS has no authority to issue levies pursuant to 26 U.S.C. § 6331 as this provision is in

- 4 -

direct conflict with the Federal Debt Collection Procedures; and (3) the IRS has not established that the requirements of 26 U.S.C. § 6330 have been satisfied.[2]  See Complaint, ¶ ¶ 9-15, 20, 35, 37, 49, 54.

These allegations fail to state a claim upon which relief can be granted.  The basis for these conclusions are meritless tax protestor beliefs couched in requests for authority and documents, meant only to obfuscate the issues.  As will be established below, the appellant received all of the rights to which she was entitled under 26 U.S.C. § 6330, and her complaint must be dismissed.

I.  *26 U.S.C. § 6702 Is Not a "Benign Statute" and the IRS Properly Assessed the Frivolous Return Penalties Pursuant to this Provision*

Appellant argues throughout her lengthy and repetitive complaint that the penalties were not lawfully imposed against her because the IRS has not established that her return was frivolous because there is no provision in the Internal Revenue Code which requires or authorizes the underlying tax; namely, the taxation of income.  Rather, she asserts that the system of taxation is one of voluntary self-assessment.  See Complaint, ¶ ¶ 20(I); 20(M); 20(S); 33; 34; 56(E).  Appellant further argues that even if a penalty could be lawfully imposed against her, it cannot be imposed pursuant to § 6702 because this section has "no implementing regulation and is therefore benign."  Complaint, ¶ 49.  See also Complaint, ¶ ¶ 20(C); 32; 55(D).  Both of the arguments are wholly lacking in merit.

---

[2] Appellant frames the issues as follows: (1) were the penalties lawfully imposed and is plaintiff required to pay them; (2) was a valid collection due process hearing conducted; and (3) can the penalties be lawfully collected by restraint.  See Complaint at ¶ 54.

- 5 -

First, appellant raises a common tax protest argument that the filing of a tax return is voluntary, and that our system of taxation is one of self-assessment pursuant to 26 C.F.R. § 601.103(a).  In support of this argument, taxpayers often point to the fact that the IRS itself tells taxpayers in the Form 1040 instruction book that the system is voluntary.  The word "voluntary," as used by the courts and in the IRS literature, refers to our system of allowing taxpayers to determine the correct amount of tax and complete the appropriate tax returns.  Under our voluntary system, a taxpayer is not faced with tax collectors breaking into their homes and offices, examining their books, records, papers, and possessions, and announcing the taxpayer's debt.  *That* is not the American way – having taxpayers report their income and determine their tax liabilities voluntarily in accordance with the provisions of the Internal Revenue Code is how it's done.  And, it is to be done that way by everone, including Ms. McCurdy, who has not been specially exempted from this universally-applicable duty by any Act of Congress.

The requirement to file an income tax return is not voluntary.  It is clearly set forth in I.R.C. § 6011(a), 6012(a) *et seq.*, and 6072(a). See also Treas. Reg. § 1.6011-1(a).  The requirement to pay tax is contained in I.R.C. § 6151.  See 26 U.S.C. § 6151.  Finally, it is undisputed that wages are income (26 U.S.C. § 61) upon which appellant owes a tax (26 U.S.C. § 1) and many courts have found arguments to the contrary to be frivolous long before the filing of the tax returns at issue here.  See, e.g., Sullivan v. United States, 788 F.2d 813, 815 (1st Cir. 1986); Sisemore v. United States, 797 F.2d 268, 270 (6th Cir. 1986); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986); Olsen v. United States, 760 F.2d 1003, 1005 (9th Cir. 1985).

- 6 -

In this case, the taxpayer made frivolous arguments that no provisions of the Internal Revenue Code required her to file a return or pay an income tax.   As a result, the assessment of the frivolous return penalty was proper, and the Forms 4340 provide "presumptive proof" of a valid assessment on the date indicated.  See Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir. 1992);  Farenga v. United States, 2004 WL 1005234, *4, n.7 (ND N.Y. 2004);  Cipolla v. Internal Revenue Service, 2003 WL 22952617, *5 (ED N.Y.  2003).

Second, appellant's claim that 26 U.S.C. § 6702 lacks implementing regulations and is therefore "without the force and effect of law," also has been summarily dismissed by the Courts. Section 6702 "provides the statutory authority for assessing the penalty . . . [and] does not by its terms require any implementing regulations." Borchardt v. Commissioner, 338 F.Supp.2d 1040, 1044, n.2 (D. Minn 2004) (quoting Hoffman, 209 F.Supp.2d at 1094).

Finally, appellant makes several allegations related to the validity of the imposition of the § 6702 penalties in this case that warrant only a quick discussion and dismissal.  First, appellant argues that because the IRS failed to produce to her any statutory provision or regulation which authorized the imposition of a frivolous penalty or required the taxpayer to pay such a frivolous penalty the penalty must be abated.  This claim is without merit; statutory provisions and regulations are public information, and thus "there is no requirement that the IRS produce this information to the taxpayer." Farenga, 2004 WL 1005234, at *4; Cipolla, 2003 WL 22952617, at *5; Kelly v. United States, 209 F.Supp. 981, 989 (ED Mo. 2002); Hoffman v. United States, 209 F.Supp.2d 1089, 1094 (WD Wash. 2002).  In any event, the appeals officer did, in fact, provide the

- 7 -

appellant with a copy of 26 U.S.C. § 6702 prior to the collection due process hearing. See Complaint at ¶ 21.

Next, the appellant asserts that the IRS failed to produce any evidence that the Secretary properly delegated the authority to impose the 6702 penalty or to issue the final notice of intent to levy.  However, "[t]here is no requirement that the IRS produce 'evidence of any delegated authority from the Secretary of the Treasury' or evidence of 'internal delegations of administrative authority.'" Farenga, 2004 WL 1005234, at *5 (quoting Rennie v. Internal Revenue Service, 216 F.Supp.2d 1078, 1082 (ED Ca. 2002)); Bartley v. Internal Revenue Service, 343 F.Supp.2d 649, 653 (ND Ohio 2004); Hughes v. United States, 935 F.2d 531, 536 (9th Cir. 1992).

Appellant also demands to know the identity of individual who authorized the imposition of the 6702 penalty and a copy of his/her pocket commission; and the written approval of the penalty assessment by his superior.  Again, however, "[t]he appeals officer is not required to prove who determined and authorized the penalties. Such information is irrelevant to whether the penalty was proper." Farenga, 2004 WL 1005234, at *5; Cipolla, 2003 WL 22952617, *6.

Finally, appellant asserts that she did not receive a statutory notice and demand for payment, and thus the assessment of the penalty is invalid.  However, neither the statute nor the cases decided thereunder require the IRS to prove that the plaintiffs *received* the notice and demand, only that the notice and demand were sent. See, e.g., Steinbrecher v. United States, 1993 WL 216161, *1 (WD Tex. 1993); Bassett v. United States, 782 F.Supp. 113, 116 (MD Ga. 1992).  The Forms 4340 provide prima facie evidence that the statutory notices of balance due were sent. See, e.g., Geiselman,

961 F.2d at 6; Herip v. United States, 106 Fed.Appx. 995, 998 (6th Cir. 2004) ("Form 4340 traditionally provides *prima facie* evidence that the IRS has complied with its statutory duties"); Steinbrecher, 1993 WL 216161, at *1; Bassett, 782 F.Supp. at 116 ("the Certificates of Assessments and Payments establish prima facie evidence that the IRS did issue a proper Notice and Demand letter").

In this case, the Forms 4340 provide that the statutory notices of balance due were sent to the taxpayer for each assessed penalty on November 23, 2003, see Complaint, Exs. H1 & H2, and the appellant has provided no evidence to contradict the validity of these Forms 4340.  Therefore, appellant's assertion that she did not receive the notice of balance due is insufficient to rebut the presumption arising from the Form 4340 that notice was sent.

As a result, all of appellant's arguments fail as a matter of law regarding the imposition of the 26 U.S.C. § 6702 penalties, and the claims must be dismissed.

II.     The Requirements of 26 U.S.C. § 6330 Were Clearly Satisfied In This Matter.

    A.     Section 6330 of the Internal Revenue Code

The Restructuring and Reform Act of 1998 added Section 6330 to the Internal Revenue Code to provide that, except for jeopardy levies or levies on state tax refunds, no levy may be made on any property or rights to property of any taxpayer unless the IRS sends the taxpayer a collection due process notice, which notifies the taxpayer of the right to a collection due process hearing, at least thirty days before the levy is made. See 26 U.S.C. § 6330.

- 9 -

Section 6330(c) provides that a person may raise at the CDP hearing any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.  See 26 U.S.C. § 6330(c)(2)(A).  The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have a pre-payment opportunity to dispute such tax liability.  See 26 U.S.C. § 6330(c)(2)(B).  During the CDP hearing, however, the appeals office is not required to consider moral, religious, political, or constitutional issues.  See 26 C.F.R. § 301.106(b).

Section 6330(d) provides the person with a right to judicial review of the determination made at the CDP hearing.  In cases where the validity of the underlying tax liability was properly at issue in the CDP hearing, the administrative determination will be reviewed by the appropriate court on a *de novo* basis.  See, e.g., MRCA Servs. v. United States, 145 F.Supp.2d 194, 199 (D. Conn. 2000).  Because appellant was not issued a notice of deficiency relating to the penalties assessed against her,[3] and was not given an earlier pre-payment opportunity to contest the merits of the assessment,[4]

---

[3] Penalties assessed pursuant to 26 U.S.C. § 6702 are specifically exempted from the deficiency requirements by 26 U.S.C. § 6703; no notice of deficiency is required for these penalties.  See 26 U.S.C. § 6703.

[4] Persons against whom a penalty has been assessed are, pursuant to a special provision of the Internal Revenue Code, permitted, within 15 days of notice and demand, to pay 15% of the penalty (here, $75), and to file a claim for refund and abatement.  If the IRS denies the claim or fails to act upon it for six months, the

- 10 -

appellant could have raised challenges to the existence or the amount of the underlying liability as set forth in Section 6330(c)(2)(B).  Appellant, however, merely asserted frivolous arguments during the CDP hearing, and did not set forth any argument to contest the liability within the parameters permitted and enumerated under Section 6330(c)(2)(A) or Section 6330(c)(2)(B).  Where there is no true challenge to the merits of the liability and the taxpayer interposes only widely-rejected frivolous arguments, he forfeits his right to *de novo* review in the district court and the standard of review is abuse of discretion.  See Herip v. United States, 2002 WL 31002855 (ND Ohio 2002).

    B.    Appellant Had a Valid CDP Hearing Before the IRS Appeals Office.

Appellant seeks to invalidate the determination of the IRS Appeals Office on the grounds that she was not afforded a legitimate CDP hearing.  This conclusion is belied by the facts.  The IRS sent appellant a final notice of intent to levy and notified appellant of her right to request a CDP hearing.  See Complaint, Exs. B1 & B2.  Pursuant to appellant's request, she was given a CDP hearing.  See id.  While appellant had the right to raise any *permissible* issue relating to the underlying liabilities or the proposed collection action, only frivolous tax protestor arguments were raised before the IRS Appeals Office, to which the appeals officer was not required to respond.  See, e.g., Gillett v. United States, 233 F.Supp.2d 874, 883 (WD Mich. 2002).

As discussed in Section I, *supra*, the courts have upheld penalties under 26 U.S.C. § 6702(a) against returns in which the filer has used zeroes or left lines blank.  See Section I Discussion, *supra*.  Appellant argues that the tax system is based on

---

taxpayer may commence a lawsuit against the United States to contest the penalty.  See 26 U.S.C. § 6703(c).

- 11 -

"self-assessment" and is therefore voluntary as there is no provision in the Internal Revenue Code that requires the filing of a tax return or the payment of an income tax. it is well established, however, that compliance with the internal revenue laws is no more voluntary or optional that compliance with the laws regulating motor vehicles– when the light turns red, you are required to stop – any arguments to the contrary are frivolous.  See, e.g., United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993), *cert denied*, 510 U.S. 1193 (1994); Lonsdale v. United States, 919 F.2d 830, 832 (2d Cir. 1990) (finding argument that the income tax is voluntary was "lacking in legal merit and patently frivolous").

The other grounds set forth in appellant's complaint as to why the determination should be overturned are equally frivolous.  First, appellant contends that the IRS improperly disallowed her request to record the hearing, a request supported by 26 U.S.C. § 7521.  However, § 7521 provides for the recording of interviews – appellant's CDP hearing was just that, a hearing and not an interview within the meaning of § 7521. Canaday v. United States, 2004 WL 2367358, *7 (SD W.Va. 2004).  Collection due process hearings are informal, non-compulsory hearings initiated upon the taxpayer's request and are not required to be recorded.  See Canaday, citing Snyder v. Commissioner, 2003 WL 23212752, *2 (ND Ohio 2003); Yuen v. United States, 290 F.Supp.2d 1220 (D.Nev. 2003); Rennie v. Internal Revenue Service, 216 F.Supp.2d 1078, 1079 n.1 (ED Cal. 2002).

Next, appellant asserts that the IRS erred in not allowing her to have a face-to-face hearing, forcing her instead to accept a telephonic and correspondence "hearing."

- 12 -

However, pursuant to Treasury Regulation § 301.6330-1(d), "a hearing may, *but is not required to*, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof." 26 C.F.R. § 301.6330-1(d) (emphasis added); Quigley v. United States, 2004 WL 3204304, *3 (ED Pa. 2004); Jewett v. Commissioner, 292 F.Supp.2d 962, 966-67 (ND Ohio 2003).

Appellant next contends that she was not provided with a proper CDP hearing because the appeals officer failed to properly obtain and provide verification that the requirements of any applicable law or administrative procedure have been met. Section 6330(c) of the Internal Revenue Code provides that "[t]he appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." 26 U.S.C. § 6330(c). Treasury Regulation 301.6330-1(e) states that the appeals officer must "obtain verification from the IRS office collecting the tax that the requirements of any applicable law or administrative procedure have been met." 26 C.F.R. § 301.6330-1(e). These provisions mean only that the appeals officer must be satisfied that the IRS has proceeded in accordance with the provisions of the Internal Revenue Code and applicable regulations; there is no requirement that the appeals officer produce or present this verification to the taxpayer. See, e.g., Farenga v. United States, 2004 WL 1005234, *4 (ND N.Y. 2004). Moreover, the IRS may rely on IRS transcripts, such as Forms 4340, to establish verification that the requirements of any applicable law or administrative procedure have been met. See Farenga, 2004 WL 1005234, at *4; Herip v. United States, 106 Fed. Appx. 995, 998, 2004 WL 1987302 (6th Cir. 2004) ("courts

- 13 -

have recognized that officers conducting a collection due process hearing may rely on Form 4340 to provide verification"); Cipolla v. Internal Revenue Service, 2003 WL 22952617, *5 (ED N.Y. 2003); Dean v. United States, 2002 WL 31662299 (ND Fla. 2002). Here, the supporting statement attached to the Notice of Determination sent to appellant (Complaint, Exhibit A) plainly provides, at page 2, "Verification of Applicable Law and Administrative Procedures - [a] review of the administrative file indicates that statutory and administrative requirements that needed to be met have been satisfied." Under the now well-established standard discussed above, it is indisputable that the appeals officer complied with the statutory requirements.

Next, appellant alleges that the CDP hearing and determination are invalid because the appeals officer did not accept the offer to pay the amount at issue in full if the appeals officer could identify the regulation establishing his liability. Such an offer, however, "is not a recognized collection alternative." Farenga, 2004 WL 1005234 at *5; Dean, 2002 WL 31662299, at *7; see also Bartley, 343 F.Supp.2d at 654 ("plaintiff did not offer a valid collection alternative, but rather a challenge to the appeals officer which he did not need to address. Mr. Bartley offered to write a check if the Appeals Officer could show the regulation allowing the Officer to impose the penalty. This is not a collection alternative as the term is used in § 6330"); Rennie, 216 F.Supp.2d at 1084.

Finally, appellant contends that the appeals officer in this case was not an impartial hearing officer as required by Section 6330. To support this allegation, appellant points to numerous determinations made by the appeals officer in this matter which she viewed as "biased." Section 6330 defines an impartial hearing officer as one who "has had no prior involvement with respect to the unpaid tax specified in

- 14 -

subsection (a)(3)(A) before the first hearing under this section or section 6320." Herip, 106 Fed. Appx. at 999. See 26 U.S.C. § 6330(b)(3). The taxpayer has presented no evidence, nor has she argued, that Ms. Boudreau was involved in any way in the frivolous filing penalty determination prior to her assignment of the CDP hearing. As a result, the appeals officer was an impartial hearing officer pursuant to Section 6330.

Clearly there is no evidence supporting the contention that the appellant was not provided with a valid CDP hearing. Ms McCurdy timely requested a CDP hearing and was given one within six months of her request. See Complaint, Exs. C1 (letter dated April 12, 2004 requesting CDP hearing) and Complaint, ¶ 22 (acknowledging the CDP hearing occurred on September 21, 2004). That hearing was held by an impartial hearing officer as required by Section 6330(b)(3), and Ms. McCurdy was given the opportunity to produce any relevant evidence challenging the merits of the liability. See Complaint, Ex. D. Ms. McCurdy chose not to do so, and instead provided the appeals officer with a laundry list of tax protestor demands, all of which have been deemed to be irrelevant to the determinations in a CDP case. See Complaint, Exs. C2; E. Ms. McCurdy was then given one final opportunity to present a legally relevant argument with respect to the penalties after her hearing, and again she submitted a menu of irrelevant demands. See Complaint, Ex. I. The IRS Appeals Office issued the Notice of Determination notifying Ms. McCurdy that the collection determinations made by the IRS were being sustained. See Complaint, Ex. A. Appellant's allegations with regard to the validity of the CDP hearing lack merit as a matter of law, and her claims must be dismissed.

- 15 -

III.     Validity of 26 U.S.C. § 6331

As a final method of attack, the appellant challenges the validity of 26 U.S.C. § 6331, arguing that it violates the Federal Debt Collection Procedures delineated at 28 U.S.C. § 3001, *et seq.*  Section 3003(b) specifically states, however, that "this chapter shall not be construed to curtail or limit the right of the United States under any other Federal or any state law – (1) to collect taxes or other amount collectible as a tax."  28 U.S.C. § 3003(b).  Pursuant to 26 U.S.C. § 6671, penalties assessed pursuant to 26 U.S.C. § 6702 "shall be assessed and collected in the same manner as taxes."  The Debt Collection Act introduces no impediment to the collection of the penalties assessed in this matter by levy pursuant to the provisions of 26 U.S.C. § 6331.

The appellant further argues that 26 U.S.C. § 6331 is a benign statute because its implementing regulations are found in Title 27 of the Code of Federal Regulations, and not in title 26 of the CFR.  This argument is simply preposterous.  This statute is valid on its face and requires no implementing regulation to validate its content or give the statute legislative legitimacy.  Appellant's argument is wholly without merit and worthy of no consideration by this Court. [5]

---

[5] The Court may wish to take notice that the regulations applicable to 26 U.S.C. § 6331 are in fact found in Title 26 of the Code of Federal Regulations: 26 C.F.R. § 301.6331-1 (Levy and Distraint), and not in Title 27.

- 16 -

## CONCLUSION

Each of appellant's claims have been raised by others, addressed, and dismissed as frivolous by every court that has considered them. This Court should treat them in the same way. Appellant's complaint utterly fails to state a claim upon which relief can be granted, and must be dismissed.

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on

 4/7/05 - Lydia Bottome Turanchik

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

Service List

Ellen McCurdy
Post Office Box 36
North Scituate, Massachusetts 02060