**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Ellen M. McCurdy | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| United States of America | ) |
| | ) |
|     Defendant. | ) |

**CIVIL ACTION**

**NO.  04-12460-RWZ**

## PLAINTIFF'S TRAVERSE TO THE RETURN AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.

COMES NOW, Ellen M. McCurdy, Plaintiff in this action and responds to Defendant's answer and motion to dismiss for failure to state a claim.  Plaintiff left a voice mail message for the counsel for the United States indicating her intention to file this traverse.

### Issue Presented

Whether the Defendant's motion to dismiss for failure to state a claim should be denied as there remain disputed issues of fact in this action.

### Facts

Defendant dedicated a large portion of the memorandum in support of its motion to the Plaintiff's 2001 and 2002 tax returns and to the Plaintiff's alleged "position" regarding income taxes.  Plaintiff's tax returns and whether or not

1

Plaintiff owes any income taxes are irrelevant arguments.    This is not the substance of the action and must be disregarded.

With respect to implementing regulations, Plaintiff cites *United States v. Mersky 361 US 431*, where the Supreme Court held that only together do statutes and regulations have any force.[1]   The Parallel Table of Authorities and Rules is our guide to the legislative implementing regulations.   An excerpt is shown below which relates to some of the code sections referenced in both the Complaint and in the motion.

| | |
|---|---|
| 6001 | 26 Parts 1, 31, 55, 156 |
| | 27 Parts 19, 26, 46, 53, 194,296 |
| 6011 | 26 Parts 31, 40, 55, 156, 301 |
| | 27 Parts 25, 53, 194 |
| 6020 | 27 Parts 53, 70 |
| 6071 | 26 Parts 31, 40, 55, 154, 156 |
| | 27 Parts 53, 194 |
| 6081 | 26 Parts 1, 31, 301 |
| 6151 | 27 Parts 17, 22, 25, 44, 53, 194, 270 |
| 6071 | 26 Parts 31, 40, 55, 154, 156 |
| | 27 Parts 53, 194 |
| 6081 | 26 Parts 1, 31, 301 |
| 6331—6343 | 27 Part 70 |

---

[1] *United States v. Mersky, 361 US 431* held that "that neither the statute nor the regulations are complete without the other, and only together do they have any force. In effect, therefore, the construction of one necessarily involves the construction of the other. .... When the statute and regulations are so inextricably intertwined, the dismissal must be held to involve the construction of the statute."

6701          27 Part 70

6723          27 Part 70

Note that there is no entry for 26 U.S.C. 6702, the statute that imposes the alleged frivolous penalty. If one argues that the penalty statute may not need an implementing regulation, certainly the statute that the penalty statute relies upon must have implementing regulations to have the force and effect of law. In this case, presumably, the statute that 26 U.S.C. 6702 relies upon would be 26 U.S.C. 6012,[2] and it does not have an implementing regulation either.

Regarding 26 U.S.C. 6331,[3] the implementing regulation is found in the Code of Federal Regulations (CFR) 27 Part 70. The implementing regulation is 27 CFR 70.161, and it cites the statute as its authority.[4] In contrast 26 CFR 301.6331-1 cites only Treasury decisions as its authority;[5] it may be a procedural regulation, but it is not a legislative regulation with the force and effect of law. This code section relates to Alcohol, Tobacco and Firearms taxes, not Income taxes.

The Appeals Officer erred in not allowing a face-to-face Collection Due Process Hearing. In the case of *Mesa Oil, Inc. v. United States 86 A.F.T.R. 2d (RIA) 7312 (D. Colo. 2000)*, Judge Lewis T. Babcock, Chief Judge, spoke to the requirements of impartiality and the necessity for a proper record of the

---

[2]  Sec. 6012. Persons required to make returns of income
[3]  Sec. 6331. Levy and Distraint
[4]  (26 U.S C. 6331 and 6332)
[5]  [32 FR 15241, Nov. 3, 1967, as amended by T.D. 7139, 36 FR 15041, Aug. 12, 1971; T.D. 7620, 44 FR 27987, May 14, 1979; T.D. 7874, 48 FR 10061, Mar. 10, 1983; T.D. 8558, 59 FR 38903, Aug. 1, 1994]

3

Collection Due Process Hearing[6] since the determination can be immediately appealed.

The Appeals Officer did not supply the documents[7] as required by the statute 26 U.S.C. 6330 (c)(1) and (c)(2)(B)(3)(A). The motion to dismiss cites regulation 26 CFR 301.6330-1 as a defense against Plaintiff's argument. However, the authority for this regulation is shown as Treasury decisions[8], not the statute itself. Further, this regulation changes the statute by calling for verification to come from the IRS office collecting the tax instead of the Secretary (or his delegate). Only Congress has legislative authority.

Levy and distraint under 26 U.S.C. 6331 violate the Federal Debt Collection Procedures as found in 28 U.S.C. Chapter 176, sections 3001 through 3308. Section 3001 establishes that *the chapter provides the exclusive civil procedures for the United States.* Only United States marshals can seize property, and they must obtain a court and a writ of attachment or a writ of garnishment. The motion to dismiss cites Section 3003(b) as the loophole out of this argument; however, Section 3002 defines debt as used in the chapter as *an*

---

[6] "The scant record made it difficult, if not impossible, for the court to draw conclusions about statutory compliance and whether the AO abused her discretion... taxpayers are entitled to protections in dealing with the I.R.S. that are similar to those they would have in dealing with any other creditor... Congress has indicated its intent that the taxpayer have a "meaningful hearing"... Congress presumed that this review would be aided by a record of some sort... Here, no record of the hearing was kept, no record of the evidence or arguments presented at that hearing was made, and no analysis of the evidence or arguments was presented in the Determination...informality does not completely obviate the need for a record of some sort... the lack of a record erodes Mesa's statutory right to judicial review."

[7] The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

[8] [T.D. 8980, 67 FR 2551, Jan. 18, 2002]

4

*amount that is owing to the United States on account of* a list of items that includes *tax* and *penalty*.

Finally, 26 U.S.C. 7608, captioned *Authority of internal revenue enforcement officers*, in paragraph (b), captioned *Enforcement of laws relating to internal revenue other than subtitle E*, shows that only criminal investigators of the Intelligence Division of the IRS are authorized *to make seizures of property subject to forfeiture under the internal revenue laws*.

### Argument

Plaintiff's legal claims remain undefeated (See Complaint ¶ ¶ 54, 55, 56, 57), in summary that:

     A.    The penalties in question were not lawfully imposed;

     B.    A valid Collection Due Process Hearing was not conducted;

     C.    Penalties cannot lawfully be collected by distraint.

It is the duty of the citizens of this country to ensure that our elected and appointed officials act within the confines of their delegated authority. Such a position was outlined by the Supreme Court in its decision for *Federal Crop Insurance Corporation v. A.A. Merrill (332 US 380-388)*.[9] Recent history has proven that the Internal Revenue Service has acted in open violation of the law. Any demand for proof of an agent's authority or for documents stipulated in the law is a legitimate action on the part of any citizen.

---

[9]   "Men must turn square corners when they deal with the government... Anyone entering into an arrangement with the government takes the risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority."

There remain several disputed issues of fact in this action; therefore the case must proceed. Plaintiff relies on the following cases to support this argument: *Logan vs. U.S., 792 F. Supp. 663, affirmed 978 F.2d 1263;* [10] *Fed. R. Civ. P. 56(c); Hayden Pub. Co., Inc. v. Cox; Broadcasting Corp., 730 F.2d 64, 67 (2d Cir. 1984);* [11] *Commerce Holding Co., Inc. v. Buckstone, 749 F. Supp. 441.*[12]

## Conclusion

Defendant has failed to resolve any disputed issues of fact, but has attempted to paint the Plaintiff as a frivolous petitioner. Nothing could be further from the truth. Plaintiff respectfully requests the Defendant's motion to dismiss be denied so that this action can proceed into the discovery phase.

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on 19 April 2005.

*Ellen M McCurdy*

Respectfully submitted,

*Ellen M McCurdy*
Ellen M. McCurdy, Pro Se
P.O. Box 36
North Scituate, Massachusetts 02060
(781) 545-3654

---

[10] "Court must view complaint in light most favorable to the plaintiff and should not dismiss it merely because court doubts that plaintiff will be able to prove all of the necessary allegations; thus motion to dismiss is likely to be granted only in unusual case in which plaintiff includes allegations that show on face of complaint that there is some insuperable bar to relief."

[11] "Since personal involvement is a question of fact we are governed by the general rule that summary judgment may be granted only if no issues of material fact exist and the defendant is entitled to judgment as a matter of law."

[12] "On motion to dismiss, allegations of complaint must be accepted as true and complaint must be construed in a light most favorable to plaintiff; to prevail, defendant must prove that, under no interpretation of the facts alleged, can plaintiffs succeed."

Service List

Lydia Bottome Turanchik
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044