UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12460-RWZ

ELLEN MCCURDY

v.

UNITED STATES OF AMERICA

MEMORANDUM OF DECISION

JUNE 8, 2005

ZOBEL, D.J.

    The Internal Revenue Service (the "IRS") assessed frivolous return penalties against plaintiff for the years 2000 and 2001 pursuant to 26 U.S.C. § 6702. In accordance with 26 U.S.C. § 6330, plaintiff requested a Collection Due Process hearing. A hearing by telephone was held and the penalty affirmed. With this complaint, plaintiff seeks judicial review under 26 U.S.C. § 6330(d)(1) of the determination by the Appeals Officer that the penalty had been properly assessed. The United States has filed a motion to dismiss for failure to state a claim upon which relief may be granted. The motion is allowed as the statute, regulations and precedents are contrary to each of plaintiff's assertions and arguments.

    1. Overarching all of plaintiff's specific claims is the contention that the system of taxation is voluntary and that therefore penalties cannot be lawfully imposed.

    The Internal Revenue Code requires the payment of taxes on income, and wages are indisputably income. See 26 U.S.C. §§ 1 and 61. Further, the Code

requires the filing of income tax returns.  See § 6011.  Several cases have so confirmed.  See, e.g., Nicholas v. U.S., 384 U.S. 678, 693 (1966), and Little People's School, Inc. v. U.S., 842 F.2d 570, 574 (1st Cir. 1988). Plaintiff's arguments to the contrary are indeed frivolous.

2.  The penalties at issue were not lawfully imposed, nor is plaintiff required to pay them.  Complaint, ¶ 55.

Plaintiff's crimped reading of procedural requirements concerning signatures on IRS documents and forms and proof of authority by individual actors within the Service has no basis in the text she cites nor in its long-term practice.

The argument that 26 U.S.C. § 6702 requires "implementing legislative regulation" is both semantically problematic and simply wrong.  This statutory provision is valid.  See Eicher v. U.S., 774 F.2d 27 (1st Cir. 1985).

Plaintiff's complaint that she did not receive a Statutory Notice and Demand for Payment of the penalties does not help her cause, as the only requirement is that the notice be sent.  See 26 C.F.R. § 301.6330-1(a).  That it was sent is clear from the complaint and the attachments thereto.

3.  No valid Collection Due Process hearing was conducted.  Complaint, ¶ 56.

Plaintiff does not deny that a hearing took place.  But, she asserts, it was not a valid hearing, first, because the appeals officer did not permit plaintiff to record the proceedings as required by 26 U.S.C. § 7521.  This statute provides for the recording of interviews, and its applicability to administrative hearings is in dispute.  See, e.g., Boyd v. U.S., 322 F. Supp. 2d 1229, 1232-1233 (D. NM 2004).  However, it is clear that

failure to permit the recording of a hearing does not provide a basis for remand when the remaining counts in the complaint are frivolous, as in the instant case. See Thompson v. Commissioner of Internal Revenue, T.C. Memo 2004-204, No. 3947-03L (2004).

    Second, the hearing was conducted by telephone, despite plaintiff's request for a face-to-face meeting. That, too, does not invalidate the proceeding, as IRS regulation provides that a hearing may, but is not required to, be conducted in person. See 26 C.F.R. § 301.6330-1(d).

    Third, plaintiff contends that the appeals officer failed to produce the documents required by 26 U.S.C. § 6330 and those requested by plaintiff to support IRS' determination that she was required to pay the penalty in issue, nor did the appeals officer produce any statute that established the existence of the underlying tax liability. Plaintiff is correct that the appeals officer is required by the statute and the regulations to obtain verification that the statute and regulations have been complied with. See 26 C.F.R. § 301.6330-1(e). This means that the appeals officer must be satisfied that IRS complied, but nothing requires the officer to provide verification to plaintiff. Plaintiff was afforded a valid hearing.

    4. The penalties at issue cannot be lawfully collected by distraint under 26 U.S.C. § 6331. Complaint ¶ 57.

    Here plaintiff argues that this provision of the Internal Revenue Code violates the Federal Debt Collection Procedure codified at 28 U.S.C. § 3001 et sec. Even if the process used by the Internal Revenue Service were in conflict with that statute, the

3

latter explicitly provides that it "shall not be construed to limit the right of the United States under any other Federal law . . . to collect taxes or to collect any other amount collectible in the same manner as a tax . . . " 28 U.S.C. § 3003(b).

Because none of plaintiff's allegations and arguments are supported by the statutes and regulations she cites, the defendant's motion is allowed.

Judgment may be entered dismissing the complaint.


| | |
|---|---|
| _____ | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |